CATHY JANET HALL, BY HER GUARDIAN AD LITEM, EDWARD L. POWELL
v. DR. AMON L. FUNDERBURK AND NORTHERN HOSPITAL OF
SURRY COUNTY

— AND —

JESSIE R. HALL v. DR. AMON L. FUNDERBURK AND NORTHERN
HOSPITAL OF SURRY COUNTY

No. 7421SC709

(Filed 2 October 1974)

1. Physicians and Surgeons § 17— malpractice — summary judgment

In an action to recover damages allegedly caused by the negligence of defendant physician in failing properly to diagnose and treat the minor plaintiff for appendicitis, the materials presented upon defendant's motion for summary judgment show that there is a genuine issue with respect to negligence on the part of defendant in failing to take the minor plaintiff's blood count, and defendant failed to carry his burden of showing that there was no causal relation between his negligence and plaintiff's injury.

2. Physicians and Surgeons § 20; Rules of Civil Procedure § 56— malpractice — motion for summary judgment — burden of showing absence of causation

In a malpractice action, the burden was on defendant movant for summary judgment to establish that there was no causal relation between his negligent act and plaintiff's injury.

APPEAL by plaintiffs from *McConnell, Judge,* 6 May 1974 Civil Session of Superior Court held in FORSYTH County.

These are civil actions instituted by plaintiffs on 26 August 1971, consolidated for trial and appeal. The feme plaintiff

(Cathy) seeks to recover for personal injuries allegedly caused by the negligence of defendant Funderburk, a physician, in his treatment of her. The male plaintiff seeks to recover for medical expenses and loss of earnings of Cathy, his daughter, during her minority. The actions are based on the alleged negligence of defendants in failing to properly diagnose and treat Cathy for appendicitis.

In their complaints, plaintiffs allege: On 20 August 1970, Cathy, then 14, became nauseated, began to have chills, feel hot and had an elevated temperature. Around midnight on that day, Cathy's mother took her to the emergency entrance of defendant hospital where defendant Funderburk examined her. The mother told defendant Funderburk that Cathy had been nauseated all day, had pain in her abdomen, and suggested that Cathy had appendicitis. Defendant Funderburk examined Cathy, gave her a shot for a virus, and sent her home over the objection of her mother who wanted Cathy admitted to the hospital for overnight observation. The next day Cathy was no better and her mother took her to see their family physician. The family physician examined Cathy and at approximately 5:00 p.m. surgery was performed when it was discovered that her appendix had ruptured.

In apt time, defendant hospital moved for change of venue to Surry County. Plaintiffs then took voluntary dismissals as to defendant hospital, reserving all rights of action against defendant Funderburk (hereinafter referred to as the defendant).

Defendant answered the complaints, denying any negligence in his diagnosis and treatment of Cathy. He also moved for summary judgment under G.S. 1A-1, Rule 56, and filed supporting affidavits and depositions, contending there was no genuine issue of fact for trial. He offered affidavits of four other doctors which tended to show that he had followed accepted medical procedures in diagnosing the case and there was no reason for him to have taken Cathy's blood count. His affidavit tended to show that his diagnosis of Cathy's symptoms was proper. Defendant also denied Cathy's mother's allegation that she told him that Cathy had "doubled over" and she thought Cathy had appendicitis.

Plaintiffs filed counter affidavits and depositions including the affidavit of a doctor averring that defendant should have taken Cathy's blood count. Cathy's mother's deposition set forth facts substantially as alleged in the complaints.

Upon consideration of the pleadings, depositions and affidavits, the trial judge, being of the opinion that there was no genuine issue of any material fact, allowed defendant's motion and entered summary judgment in his favor. Plaintiffs excepted and appealed.

*White and Crumpler, by James G. White and Michael J. Lewis, for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by R. M. Stockton, Jr., and James H. Kelly, Jr., for defendant appellee.*

BRITT, Judge.

The question presented here is whether the defendant has borne the burden which the law places upon a movant for summary judgment.

Authoritative decisions, both State and federal, interpreting and applying Rule 56, hold that "[t]he party moving for a summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded." 6 Moore's Federal Practice, § 56.15[8], at 2439 (2d ed. 1971); *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972).

[1] In the case at bar, the materials presented show that there is a genuine issue with respect to negligence on the part of defendant. It is well settled, however, that the negligence relied on must be shown to have a causal relationship to the injury in order to avail plaintiff. 6 Strong, N. C. Index 2d, Negligence § 8, pp. 17, 18 (1968). Defendant argues that there is no showing that Cathy's condition was any worse at 5:00 p.m. when she underwent surgery than it was the preceding midnight when defendant examined her. The question then arises, on defendant's motion for summary judgment, was it incumbent on plaintiffs to show causation, or was it incumbent on defendant to show lack of causation? We hold that the burden was on defendant.

[2] A review of the cases cited by defendant reveals that the courts in those cases were passing upon motions interposed at trial for a directed verdict or nonsuit. *Weatherman v. White,* 10 N.C. App. 480, 179 S.E. 2d 134 (1971); *Gower v. Davidian,* 212 N.C. 172, 193 S.E. 28 (1937); *Sinkey v. Surgical Associates,*

186 N.W. 2d 658 (Iowa 1971); *Skodje v. Hardy,* 47 Wash. 2d 557, 288 P. 2d 471 (1955); and, *Jaeger v. Stratton,* 170 Wis. 579, 176 N.W. 61 (1920). In those cases, the burden was on the plaintiff to show causation but in the instant case on defendant's motion for summary judgment, the plaintiff had alleged causation and it was incumbent upon the defendant as the movant to clearly establish that there was no causal relation between his act and Cathy's injury. This the defendant did not do.

For the reasons stated, the judgment is

Reversed.

Judges HEDRICK and BALEY concur.