SELENA E. BRYANT, ADMINISTRATOR OF THE ESTATE OF NETTIE GAVIN BRYANT v.
SAMPSON MEMORIAL HOSPITAL

No. 844SC289

(Filed 28 December 1984)

1. **Physicians, Surgeons and Allied Professions § 15.2— pathologist's testimony about appropriate medical treatment—admissible**

   The court erred by not allowing a pathologist to testify as an expert on the proper treatment in Sampson County of decubitus ulcers. A medical doctor of whatever specialty is better able to form an opinion as to medical treatment than the laymen who ordinarily comprise juries.

2. **Physicians, Surgeons and Allied Professions § 16.1— malpractice—decubitus ulcers—patient not turned with sufficient frequency—evidence sufficient**

   The court should not have granted defendant's motion to dismiss where plaintiff's doctor would have testified that the proper treatment for the deceased's ulcers would include turning her at regular intervals, which was not done, and that the ulcers became worse and contributed to her death.

APPEAL by plaintiff from *Llewellyn, Judge.* Judgment entered 2 November 1983 in Superior Court, SAMPSON County. Heard in the Court of Appeals 27 November 1984.

This is an action in which the plaintiff claims damages for pain and suffering of her intestate prior to death and the wrongful death of her intestate caused by the negligence of the defendant's agents.

Dr. H. J. Carr testified that he admitted the plaintiff's intestate to the hospital on 7 April 1981 at which time she was suffering from decubitus ulcers. He described the treatment of decubitus ulcers which includes turning the patient every two hours. He testified further that the hospital records did not show that the plaintiff's intestate was turned as often as had been prescribed for her.

Dr. L. S. Harris testified and was tendered by the plaintiff as an expert in "pathology and general medicine." The Court found he was an expert in pathology but not in "general medicine." The Court allowed Dr. Harris to testify that one of the causes of the death of the plaintiff's intestate was decubitus ulcers. He was not allowed to testify as to the standard of care in the area for the treatment of decubitus ulcers. If his testimony had been allowed

he would have testified that a patient should be turned frequently. He would also have testified if he had been allowed to do so that from his review of the hospital records the proper standard of care was not followed in treating the ulcers of the plaintiff's intestate.

At the conclusion of the plaintiff's evidence the Court allowed the defendant's motion to dismiss. The plaintiff appealed.

*Bruce H. Robinson, Jr. for plaintiff appellant.*

*Ward and Smith, P.A. by Dale P. Johnson and Thomas E. Harris for defendant appellee.*

WEBB, Judge.

[1]   We hold it was error to exclude the testimony of Dr. Harris and it was error to allow the defendant's motion to dismiss. The Court would not allow Dr. Harris to testify as an expert on the proper treatment in Sampson County of the decubitus ulcers of plaintiff's intestate because it felt a pathologist is not an expert in the general practice of medicine. This was error. An expert witness is one who through study or experience or both is better qualified than the jury to form an opinion on a particular subject. See Brandis on N.C. Evidence, 2nd Rev. Ed., § 133. We believe that a medical doctor of whatever specialty is better able to form an opinion as to medical treatment than the laymen who ordinarily comprise juries. Dr. Harris' testimony should have been admitted.

[2]   If Dr. Harris' testimony had been admitted there would have been evidence that the proper treatment for the deceased's ulcers would include turning her at regular intervals which was not done and that the ulcers became worse and contributed to her death. This would have been evidence from which a jury could find that the negligence of the defendant's agents was a proximate cause of injury and death to plaintiff's intestate.

Reversed and remanded.

Judges HEDRICK and HILL concur.