GEORGE A. BRYANT, JR. v. MRS. JOHN J. SHORT (VIRGINIA BRYANT SHORT)

No. 8621SC666

(Filed 3 February 1987)

1. **Malicious Prosecution § 13— malicious prosecution, abuse of process, contempt—dismissal proper**

    The trial court did not err by dismissing an action by an executor against his former co-executor alleging that defendant was contemptuous of the court in filing an action for an accounting, that defendant's prior action against plaintiff was a malicious use of process, and that the serving of a request for production of documents and for interrogatories was an abuse of process where defendant was not under a court order and her renunciation of her co-executorship did not preclude her filing for an accounting; a necessary element of malicious prosecution is the termination of the former proceeding in favor of plaintiff and the prior accounting proceeding was terminated in defendant's favor; and there was no merit to the argument that serving interrogatories and a request for production of documents was an abuse of process.

2. **Attorneys at Law § 7.5— lack of justiciable issue—award of attorney fees**

    The trial court did not err by awarding attorney fees to defendant in an action for contempt, malicious use of process, and abuse of process where the

court found that there was a "complete absence of a justiciable issue of law and fact" and a review of the complaint on appeal showed a total absence of any justiciable issue. A further finding regarding plaintiff's propensity for personal attacks was surplusage. N.C.G.S. 6-21.5.

APPEAL by plaintiff from *Helms, William H., Judge.* Judgment filed 10 April 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 December 1986.

*George A. Bryant, Jr., pro se, for plaintiff-appellant.*

*Bell, Davis & Pitt, P.A., by Joseph T. Carruthers, for defendant-appellee.*

GREENE, Judge.

George A. Bryant, Sr. died testate in 1983 having appointed as co-executors of his estate his daughter, defendant herein, and his son, plaintiff herein. Soon after her father's death, defendant resigned as co-executor. The plaintiff began to administer the estate in such a manner that the defendant eventually filed a civil action against the plaintiff requesting, among other things, a full accounting. During the course of that proceeding, defendant herein served certain interrogatories and a request for production on the plaintiff. That proceeding was settled with the filing of a consent judgment on 17 September 1985. In the consent judgment, the plaintiff herein agreed to resign as the executor of the estate and further agreed to a judgment against him for $30,000. The consent decree further provided that he would not share in the assets of the estate.

In the action presently before the Court, plaintiff now alleges defendant was contemptuous of the court in filing the action for accounting and that the prior action was a malicious use of process. He also alleges the defendant committed an abuse of process. Plaintiff now seeks $75,000 in compensatory damages and $50,000 in punitive damages.

Defendant moved for judgment on the pleadings and summary judgment. She also sought attorney's fees pursuant to N.C. Gen. Stat. Sec. 6-21.5.

The trial court reviewed both the pleadings in this case and other court files involving the plaintiff. It also heard testimony on

the issue of attorney's fees. The court granted the defendant's motion to dismiss, the motion for judgment on the pleadings and the motion for summary judgment. As to attorney's fees, the court found the complaint was "totally without merit, and there [was] a complete absence of a justiciable issue of law and fact raised . . . in the complaint." The court also found plaintiff had demonstrated in the other lawsuits a "propensity for personal attacks against opposing parties, counsel for opposing parties, and court personnel . . . ."

The issues for this Court are: (1) whether the complaint was properly dismissed; and (2) whether the award of attorney's fees was appropriate.

I

[1]   The defendant moved to dismiss pursuant to N.C. Gen. Stat. Sec. 1A-1, Rules 12(b)(6), 12(c) and 56. As the court considered matters outside the pleadings, the motion to dismiss is properly treated as a motion for summary judgment. N.C. Gen. Stat. Sec. 1A-1, Rule 12(c). Therefore, we review the order of dismissal in accordance with the law of summary judgment.

First, plaintiff contends defendant was in contempt of court for filing the accounting action. We find that the defendant was under no court order; her renunciation of her co-executorship did not preclude her filing the action for accounting. Summary judgment was appropriate as to this claim for relief.

Second, plaintiff contends the filing of the accounting action by the defendant was a malicious use of civil process. A necessary element of malicious prosecution is the termination of the former proceeding in favor of the plaintiff. *Melton v. Rickman*, 225 N.C. 700, 703, 36 S.E. 2d 276, 278 (1945); *Abernethy v. Burns*, 210 N.C. 636, 639, 188 S.E. 97, 98 (1936). Here, the prior accounting proceeding was terminated in the defendant's favor. The court appropriately entered summary judgment against plaintiff.

Third, plaintiff contends that the serving of a request for production of documents and interrogatories not properly addressed to the plaintiff as executor, was an abuse of process. We find absolutely no merit in this argument. Summary judgment on this claim was appropriate.

## II

[2]    The language of N.C. Gen. Stat. Sec. 6-21.5 is unambiguous. It allows the trial judge to award attorney's fees "to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." The dismissal of an action pursuant to a summary judgment is "not in itself a sufficient reason for the court to award attorney's fees. . . ." The statute also requires the trial judge to make findings of fact and conclusions of law to support the award.

We have previously held that the sufficiency of a pleading is a question of law for the court and the trial court need not make its findings more detailed if it states the pleading raised no justiciable issue of law or fact. *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 325, 344 S.E. 2d 555, 565, *disc. review denied*, 318 N.C. 284, 348 S.E. 2d 344 (1986).

Here, the trial court found there was "a complete absence of a justiciable issue of law and fact" raised in the complaint. Our review of the complaint confirms the trial court's finding: there was a total absence of any justiciable issue. Thus, there exists a justifiable basis for the trial court's finding.

The trial court also found the plaintiff had "demonstrated . . . a propensity for personal attacks against opposing parties . . . ." The only basis for the award of attorney's fees under Section 6-21.5 is the complete absence of a justiciable issue. The finding of plaintiff's propensity for personal attacks is inappropriate and cannot be used to support an award of attorney's fees under the statute. Here, we treat that finding as surplusage. The award of attorney's fees is affirmed.

## III

Summary judgment for defendant and the order awarding attorney's fees are

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.