LEE A. WHITE, Administrator of the Estate of Bradley D. White, deceased v.
D. CHARLES HUNSINGER

No. 873SC357

(Filed 5 January 1988)

1. **Physicians, Surgeons and Allied Professions § 15.2— obstetrician—opinion testimony concerning pediatrician—practice in similar community**

   An affidavit of a specialist in obstetrics and gynecology concerning when defendant pediatrician should have referred a patient to a neurosurgeon was not incompetent in a summary judgment hearing in a medical malpractice case because the affiant was not a pediatrician. Nor was the affidavit incompetent on the ground that the affiant was not practicing in a community similar to New Bern when defendant's alleged negligence occurred in 1982 where the affiant averred that he practiced in Lumberton from 1957 to 1979.

2. **Physicians, Surgeons and Allied Professions § 20.1— failure to refer patient to specialist—negligence—insufficient showing of proximate cause**

   An affidavit of plaintiff's medical expert stating his opinion that plaintiff's son's chances of survival would have been greater if he had been referred by defendant pediatrician to a neurosurgeon earlier was sufficient to raise a genuine issue of material fact as to defendant's negligence but was insufficient to raise a genuine issue on the question of whether defendant's negligence was a proximate cause of the son's death.

APPEAL by plaintiff from *Phillips (Herbert O., III), Judge.* Order entered 18 August 1986 in Superior Court, CRAVEN County. Heard in the Court of Appeals 22 October 1987.

Plaintiff Lee A. White, administrator of the estate of his son, Bradley D. White, filed this action for wrongful death resulting from alleged medical malpractice. The complaint, filed 13 February 1985, named eleven defendants, but plaintiff eventually took voluntary dismissals as to all except defendant Dr. D. Charles Hunsinger. From entry of summary judgment for defendant, plaintiff appeals.

*Neill A. Jennings, Jr., for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by Samuel G. Thompson and William H. Moss, for defendant-appellee.*

PARKER, Judge.

On this appeal plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. Plaintiff ar-

gues that there are genuine issues of fact as to whether defendant was negligent and whether defendant's negligence was the proximate cause of the death of plaintiff's deceased.

On 23 July 1982, Bradley D. White was taken to the emergency room of Craven County Hospital in New Bern, North Carolina, after he had been struck by an automobile. At the hospital, Bradley was seen and treated by several members of the staff of Craven County Hospital, including defendant Dr. Hunsinger. Bradley was kept at the hospital overnight and was transferred to Pitt County Memorial Hospital for treatment by a neurosurgeon the next morning. Bradley died on 28 July 1982. In his complaint, plaintiff alleged that defendant was negligent in failing to refer Bradley to a neurosurgeon or take other action before Bradley was transferred to Pitt County Memorial Hospital and that this delay in treatment was the proximate cause of Bradley's death.

In a medical malpractice action, the plaintiff must prove that the defendant breached the applicable standard of care and that the defendant's treatment proximately caused the injury. *Ballenger v. Crowell*, 38 N.C. App. 50, 54, 247 S.E. 2d 287, 291, 16 A.L.R. 4th 989, 992 (1978). Summary judgment is rarely appropriate in negligence cases. *Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E. 2d 137, 140 (1980); *Beaver v. Hancock*, 72 N.C. App. 306, 310, 324 S.E. 2d 294, 298 (1985). On a motion for summary judgment, the moving party has the burden of establishing that no triable issue of fact exists and that he is entitled to judgment as a matter of law. *Vassey v. Burch*, 301 N.C. at 72, 269 S.E. 2d at 140. Once the moving party meets this burden, the burden is then on the opposing party to show that a genuine issue of material fact exists. *Id.* at 73, 269 S.E. 2d at 140. If the opponent fails to forecast such evidence, then the trial court's entry of summary judgment is proper. *See Rorrer v. Cooke*, 313 N.C. 338, 354-55, 329 S.E. 2d 355, 365-66 (1985).

Defendant, a pediatrician, submitted his own affidavit and the affidavits of three other doctors. Of these three affiants, one was a specialist in pediatric neurology and the other two were specialists in pediatrics. All three averred that they were familiar with the standards of practice among physicians with similar training and experience to that of defendant practicing in Craven

County or similar communities; that it was their opinion that defendant acted in accordance with those standards in this case; and that nothing that defendant did or did not do would have prevented Bradley's death.

Plaintiff submitted two affidavits in opposition to defendant's motion. One was the affidavit of Neill A. Jennings, Jr., plaintiff's counsel, who averred that he had been unable to prepare and submit the affidavit of Dr. Robert A. Moore due to time constraints. Counsel also averred that Dr. Moore was expected to testify that Bradley should have been referred to a neurosurgeon earlier than he was; that Bradley's chances of survival would have been increased if he had been transferred earlier; and that the 80% mortality rate for persons with injuries like Bradley's did not take into account positive factors such as Bradley's age and good physical condition.

Affidavits opposing a motion for summary judgment must be made on personal knowledge, must set forth facts that would be admissible in evidence, and must affirmatively show that the affiant is competent to testify as to the matters stated therein. Rule 56(e), N.C. Rule Civ. Proc. Plaintiff admits in his brief that counsel's affidavit is hearsay and cannot be considered as substantive evidence. Plaintiff argues that this affidavit was intended as an explanation of why affidavits were unavailable under Rule 56(f), which authorizes the trial court to order a continuance or take other action to allow affidavits to be obtained. Plaintiff does not, however, assign as error the failure of the court to take such action, nor does he argue in his brief that the trial court erred in this respect. The affidavit of plaintiff's counsel therefore has no bearing on this appeal.

[1] Plaintiff also submitted the affidavit of Dr. Jack E. Mohr, a specialist in obstetrics and gynecology, who averred that he was familiar with the standards of practice among physicians with similar training and experience to that of defendant practicing in communities similar to Craven County; that defendant's delay in referring Bradley to a neurosurgeon or taking other action was a deviation from those standards; and that Bradley's chances of survival would have been increased if he had been transferred to a neurosurgeon earlier. Defendant contends that Dr. Mohr's affidavit is inadequate because it shows that Dr. Mohr is not compe-

tent to testify as to the applicable standard of care. The standard of care in medical malpractice actions is statutorily defined to be "the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action." G.S. 90-21.12. Defendant argues that Dr. Mohr is not competent to testify to this standard because he is not a pediatrician and because he was not practicing in a community similar to New Bern at the time of defendant's alleged negligence.

This Court has held that the standard of care in malpractice cases must be established by "other practitioners in the particular field of practice or by other expert witnesses equally familiar and competent to testify to that limited field of practice." *Lowery v. Newton,* 52 N.C. App. 234, 239, 278 S.E. 2d 566, 571, *disc. rev. denied,* 304 N.C. 195, 291 S.E. 2d 148 (1981). Defendant contends that Dr. Mohr, a specialist in obstetrics and gynecology, is not equally familiar with and competent to testify to standards of practice in the field of pediatrics. In *Bryant v. Sampson Memorial Hosp.,* 72 N.C. App. 203, 323 S.E. 2d 478 (1984), *disc. rev. denied,* 313 N.C. 506, 329 S.E. 2d 390 (1985), however, this Court held that the trial court erred by excluding the testimony of a pathologist as to the standard of care in the treatment of ulcers: "[A] medical doctor of whatever specialty is better able to form an opinion as to medical treatment than the laymen who ordinarily comprise juries." *Id.* at 204, 323 S.E. 2d at 479. The alleged negligence in the present case is defendant's failure to refer his patient to a neurosurgeon. Arguably, any doctor should be competent to testify as to when such a referral should be made. Plaintiff's evidence in opposition to defendant's motion must be viewed indulgently and given every reasonable inference to be drawn therefrom. *See Vassey v. Burch,* 301 N.C. at 75, 269 S.E. 2d at 142. Dr. Mohr has averred that he is familiar with the standards of practice for physicians with similar training and experience as defendant. We, therefore, hold that Dr. Mohr's affidavit is not rendered incompetent as a matter of law solely because he is not a pediatrician.

Defendant also contends that Dr. Mohr's testimony would be incompetent because he was not practicing in a community similar to New Bern at the time of defendant's alleged negligence. Dr.

Mohr averred that he practiced in Lumberton, North Carolina from 1957 to 1979. Defendant argues that since the alleged negligence occurred in 1982, Dr. Mohr is not competent to testify as to the applicable standard because G.S. 90-21.12 specifies that the standard is determined at the time of the alleged negligent act. This Court has held that G.S. 90-21.12 does not require expert witnesses to have actually practiced in a similar community at the exact time of the alleged act. *Simons v. Georgiade*, 55 N.C. App. 483, 494-95, 286 S.E. 2d 596, 603, *disc. rev. denied*, 305 N.C. 587, 292 S.E. 2d 571 (1982). Based on the foregoing, Dr. Mohr is not incompetent to testify as a matter of law. Since his affidavit clearly averred that defendant breached the applicable standard of care, plaintiff sufficiently forecast evidence to raise a genuine issue as to defendant's negligence.

[2] The remaining consideration is whether plaintiff has forecast evidence sufficient to raise a genuine issue of material fact on the question of proximate cause. Dr. Mohr's affidavit states:

> I am . . . of the opinion that had Bradley been transferred to a neurosurgeon earlier, his chances of survival would have been increased.

As defendant correctly notes, plaintiff could not prevail at trial by merely showing that a different course of action would have improved Bradley's chances of survival. Proof of proximate cause in a malpractice case requires more than a showing that a different treatment would have improved the patient's chances of recovery. *Gower v. Davidian*, 212 N.C. 172, 193 S.E. 28 (1937); *Bridges v. Shelby Women's Clinic, P.A.*, 72 N.C. App. 15, 20-22, 323 S.E. 2d 372, 376 (1984), *disc. rev. denied*, 313 N.C. 596, 330 S.E. 2d 605 (1985).

Defendant's motion for summary judgment places the burden on him to show lack of causation. *Hall v. Funderburk*, 23 N.C. App. 214, 208 S.E. 2d 402 (1974). When, as here, defendant has adduced evidence negating an essential element of plaintiff's proof, plaintiff must at a minimum come forward with competent evidence that raises a genuine issue of material fact on that element. *Vassey v. Burch, supra; see also Rorrer v. Cooke*, 313 N.C. at 350, 329 S.E. 2d at 363 (legal malpractice action stating requirements to withstand summary judgment).

On the record before us, plaintiff has failed through affidavit or otherwise to forecast any evidence showing that had Dr. Hunsinger referred Bradley to a neurosurgeon when Bradley was first brought to the hospital, Bradley would not have died. The connection or causation between the negligence and death must be probable, not merely a remote possibility. *Bridges v. Shelby Women's Clinic, P.A., supra.*

At the time defendant's summary judgment motion was filed, this action had been pending for eighteen months. Presumably, if plaintiff had had a medical expert who would testify that defendant's negligence was the proximate cause of Bradley's death, plaintiff would have obtained an affidavit which so stated from the expert. In this regard Dr. Robert Moore's affidavit would not be availing.

For the foregoing reasons, we hold that the trial court did not err in entering summary judgment for defendant.

Affirmed.

Judges EAGLES and MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.