HARRIS v. HARRIS

[93 N.C. App. 67 (1989)]

—————————

SHIRLEY W. HARRIS v. JOSEPH M. HARRIS

No. 8826DC545

(Filed 21 February 1989)

1. **Divorce and Alimony § 30— lump sum distribution—deduction of previous $15,000 payment proper**

    The trial court properly determined that an earlier consent order concerning the division of an IRS refund barred plaintiff's suit where the order provided that plaintiff would receive $15,000 from the refund and that such amount would "be applied toward any subsequent equitable distribution which she may receive by agreement or court order"; the parties later entered into a property settlement agreement whereby plaintiff received a lump sum distributive award; defendant deducted the $15,000 before paying plaintiff the balance of the award; and plaintiff then brought this action for the $15,000.

2. **Attorneys at Law § 7— complaint not frivolous—award of attorney's fees improper**

    Plaintiff's complaint which raised the existence of a justiciable issue as to her entitlement to $15,000 which she sought from defendant was not frivolous, was filed in good faith, and did not violate either N.C.G.S. § 6-21.5 or N.C.G.S. § 1A-1, Rule 11; therefore the trial court erred in awarding attorney's fees to defendant.

APPEAL by plaintiff from *Johnston, Robert P., Judge.* Judgment entered 16 December 1987 in MECKLENBURG County District Court. Heard in the Court of Appeals 11 January 1989.

Plaintiff and defendant were married on 31 December 1962. The parties had two children during the course of the marriage: Sheridan Anne Harris, born 31 July 1966, and Mark St. Clair Harris, born 14 July 1973. Plaintiff and defendant separated on or about 8 February 1985. On 11 February 1986, the parties entered into a consent order, which provided *inter alia* for Mark, the minor child, to live with the plaintiff and for defendant to pay plaintiff alimony *pendente lite* in the amount of $1,400 per month and child support in the amount of $1,000 per month. Also included in the consent order was a provision dealing with two Internal Revenue Service (IRS) refunds totaling $43,127.83. This provision indicated that plaintiff and defendant were in dispute over the disposition of these funds and provided as a "temporary resolution of the dispute" that plaintiff receive $15,000 of the total refund. The remainder of the refund was given to defendant. The provision stated that "the parties acknowledge that the $15,000 received by Plaintiff shall be applied toward any subsequent equitable distribution which she may receive by agreement or court order."

Plaintiff and defendant were divorced on 12 May 1986. On 24 December 1986 the parties entered into a property settlement and support agreement. This agreement provided *inter alia* for a distributive award of $400,000 to be paid by defendant to plaintiff. Defendant was to pay $100,000 at the closing of the agreement and the balance of $300,000 on or before 19 January 1987. Defendant paid the $100,000 amount at closing but only paid $285,000 to plaintiff on or before 19 January 1987.

On 15 July 1987, plaintiff filed a complaint seeking $15,000 she claimed was due her under the distributive award provision of the settlement agreement. Defendant answered, alleging that he was entitled to a credit of $15,000 as a result of the division of the IRS refund in the 11 February 1986 court order and therefore was not obligated to make a further payment to plaintiff. Defendant also alleged that the complaint filed by plaintiff was without merit, was filed for the purpose of harassment and was in violation of Rule 11 of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 6-21.5. Defendant contended that as a result plaintiff and her attorney, either individually or jointly, should be sanctioned and required to pay all reasonable expenses, costs, and all counsel fees for defendant's attorney.

The matter came on for hearing on 10 December 1987 on a motion by defendant for summary judgment. By judgment entered

16 December 1987 the trial court granted defendant's motion and deferred defendant's request for an award of counsel fees. On 17 December 1987, the trial court entered an order in which it found that there was no ambiguity with respect to the provisions of the 11 February 1986 consent order; that there was a complete absence of a justiciable issue, and that the complaint was not well-grounded in fact and not warranted by existing law or good faith argument. The trial court also found that the complaint appeared to be filed for the purposes of harassment and needless increase in the cost of litigation, was frivolous and improper, and was in violation of G.S. § 6-21.5 and Rule 11. Plaintiff was ordered by the trial court to pay $6,000 in attorney's fees to defendant's attorneys.

Plaintiff appealed from the judgment of 16 December 1987 and the order of 17 December 1987.

*Hamel, Helms, Cannon and Hamel, P.A., by Thomas R. Cannon, for plaintiff-appellant.*

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr., and Barbara Hellenschmidt, for defendant-appellee.*

WELLS, Judge.

Plaintiff assigns error to the trial court's grant of summary judgment in favor of defendant. Plaintiff argues that there were "genuine issues of material fact . . . regarding the interpretation of the Property Settlement and Support Agreement," making a grant of summary judgment to defendant improper.

Plaintiff also argues that summary judgment based on a defense of accord and satisfaction is improper because plaintiff's actions indicate she did not accept defendant's $285,000 payment as full payment of the debt and that therefore accord and satisfaction cannot be used as a defense. Summary judgment is appropriate where the pleadings, affidavits and other evidentiary materials before the court disclose that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 of the North Carolina Rules of Civil Procedure (1983); *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). "A defending party is entitled to summary judgment if he can show that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative

defense which would bar the claim." *Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 340 S.E. 2d 510 (1986). When a moving party establishes that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law, ". . . the burden is then on the opposing party to show that a genuine issue of material fact exists." *White v. Hunsinger*, 88 N.C. App. 382, 363 S.E. 2d 203 (1988). "If the opponent fails to forecast such evidence, then the trial court's entry of summary judgment is proper." *Id.* at 383, 363 S.E. 2d at 204.

[1] Defendant asserts in his answer and affidavit that the provisions of the consent order of 11 February 1986 concerning the division of the IRS refund bars plaintiff's suit. The consent order and the 24 December 1986 settlement agreement, when construed together, are unambiguous and give effect to the consent order thereby showing conclusively that defendant was entitled to the $15,000 credit. Defendant's forecast of evidence shows that the plaintiff cannot prove the existence of an essential element of her case; namely, that she is entitled to the $15,000 at issue. The burden then shifts to the plaintiff to show that a genuine issue of material fact exists. Plaintiff has failed to do this. The trial court's entry of summary judgment in favor of defendant was proper. There is no error.

As a result of our decision above, it is unnecessary to reach defendant's argument concerning accord and satisfaction.

[2] Plaintiff's remaining assignments of error deal with the order of 17 December 1987, awarding attorney's fees to defendant's attorneys pursuant to N.C. Gen. Stat. § 6-21.5 and N.C. Gen. Stat. § 1A-1, Rule 11 of the North Carolina Rules of Civil Procedure. Plaintiff argues that the evidence in the record does not support the trial court's findings of fact, that these findings do not support the conclusions of law, *i.e.*, that plaintiff's complaint violated Rule 11 and G.S. § 6-21.5, or the award of attorney's fees. Plaintiff contends the trial court erred in its award of attorney's fees because her claim was not frivolous, was filed in good faith and raised a justiciable issue; therefore, it did not violate G.S. § 6-21.5 and Rule 11. We agree.

G.S. § 6-21.5 states in part:

In any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable at-

torney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading.

Rule 11 deals with the signing and verification of pleadings and states in part:

> . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion . . . shall impose upon the person who signed it, . . . an appropriate sanction, which may include an order to pay to the other party . . . the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

G.S. § 1A-1, Rule 11 of the North Carolina Rules of Civil Procedure (1988).

In construing G.S. § 6-21.5 this Court has stated, "The only basis for the award of attorney's fees under Section 6-21.5 is the complete absence of a justiciable issue." *Bryant v. Short*, 84 N.C. App. 285, 352 S.E. 2d 245, *disc. rev. denied*, 319 N.C. 458, 356 S.E. 2d 2 (1987). " 'Complete absence of a justiciable issue' suggests that it must conclusively appear that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss." *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 344 S.E. 2d 555, *disc. rev. denied*, 318 N.C. 284, 348 S.E. 2d 344 (1986).

In the present case it is clear that plaintiff's complaint contained allegations which raised the existence of a justiciable issue as to her entitlement to the $15,000 she sought from defendant. Therefore, plaintiff's complaint was not frivolous, was filed in good faith, and did not violate either G.S. § 6-21.5 or Rule 11.

The entry of summary judgment in favor of defendant by the trial court is affirmed. The order of 17 December 1987 awarding attorney's fees to defendant is vacated.

Affirmed in part and vacated in part.

Judges BECTON and JOHNSON concur.