K & K DEVELOPMENT CORPORATION, PLAINTIFF v. COLUMBIA BANKING FEDERAL SAVINGS AND LOAN ASSOCIATION, AMC BUILDERS, INC., CAROLINA BUILDERS CORPORATION, LARRY E. ROBBINS, HAROLD E. RUSSELL, JR., AND MICHAEL L. SWARINGEN, DEFENDANTS

No. 8910SC283

(Filed 5 December 1989)

1. **Appeal and Error § 6.2 (NCI3d) — interlocutory order — attorney fees awarded — substantial right affected — order appealable**

Though the appeal was from an interlocutory order because it did not dispose of the cause of action as to all the parties, it nevertheless affected a substantial right and was appealable because the trial court's entry of summary judgment against plaintiff included an award of attorney's fees.

**Am Jur 2d, Appeal and Error §§ 47, 49.**

2. **Laborers' and Materialmen's Liens § 9 (NCI3d) — work performed to enforce protective covenants — no priority over earlier deed of trust**

There was no merit to plaintiff's contention that, because the work giving rise to its asserted lien was performed in order to enforce protective covenants, it was entitled to a judgment or lien which had priority over defendant's deed of

trust lien which was recorded over a year before plaintiff first furnished labor or materials.

**Am Jur 2d, Mechanics' Lien § 268.**

3. **Attorneys at Law § 7.5 (NCI3d) — action not completely void of justiciable issue — award of attorney's fees improper**

Plaintiff's claim to a lien having priority over defendant's lien was not an action completely void of a justiciable issue, and plaintiff made a good faith, albeit unsuccessful, attempt to extend N.C. law as it applies to the enforcement of covenants and conditions; therefore, the trial court erred in awarding defendants attorney's fees pursuant to N.C.G.S. § 6-21.5.

**Am Jur 2d, Costs § 72.**

4. **Appeal and Error § 13 (NCI3d) — appeal not frivolous — motion for sanctions denied**

Plaintiff's appeal from summary judgment denying its right to a lien having priority over defendant's lien was not frivolous, and defendants' motion for sanctions against plaintiff pursuant to Rule 34 of the N.C. Rules of Appellate Procedure was denied.

**Am Jur 2d, Appeal and Error § 1024.**

APPEAL by plaintiff from *Bailey, James H. Pou, Judge.* Order entered 12 December 1988 in WAKE County Superior Court. Heard in the Court of Appeals 12 October 1989.

Plaintiff appeals from an order granting summary judgment and attorney's fees in favor of defendants Larry E. Robbins, trustee, and Columbia Banking Federal Savings and Loan Association.

Plaintiff is the developer of Carrington Woods subdivision in Knightdale, North Carolina. On 20 May 1986 plaintiff sold Lot 56 in this subdivision to defendants AMC Builders, Inc. and Michael L. Swaringen. Defendant AMC Builders, Inc. executed a deed of trust to defendant Robbins as trustee for defendant Columbia Banking Federal Savings and Loan Association (hereinafter Columbia). This deed of trust was recorded 27 May 1986 in Wake County. A second deed of trust was executed by defendant AMC Builders, Inc. to defendant Harold E. Russell, Jr. as trustee for defendant Carolina Builders Corporation. The second deed of trust was recorded 23 February 1988. Lot 56 is subject to protective covenants which in pertinent part provide:

ARTICLE XII

APPEARANCE. Each Owner shall keep his building site free of tall grass, undergrowth, dead trees, trash and rubbish and property maintained so as to present a pleasing appearance. In the event an owner does not properly maintain his building site as above provided, in the opinion of the Architectural committee, then Declarant may have the required work done and the costs thus incurred shall be paid by the Owner.

The Architectural Committee referred to in Article XII of the protective covenants determined that defendants Michael L. Swaringen and AMC Builders did not properly maintain Lot 56, which had become a building site. On 5 June 1987, pursuant to the Architectural Committee's decision, plaintiff's lawyer wrote to defendant Swaringen informing him that defendants Swaringen and AMC Builders were in violation of Article XII and that plaintiff had been contacted by the State Sedimentation Control Agency regarding possible fines and penalties. The letter further stated that if the problems were not corrected, plaintiff intended to exercise its rights under the protective covenants to remedy the problems and charge the costs to those defendants. Plaintiff began such work on 8 June 1987, and completed work on 14 March 1988. Plaintiff made demand upon defendants Swaringen and AMC Builders for payment of $4,746.67, the sum expended in bringing the lot into compliance with the terms of the protective covenants. Defendants Swaringen and AMC Builders have not made any payment to plaintiff.

On 14 March 1988 plaintiff filed a "Claim of Lien" in the Office of the Clerk of Superior Court of Wake County pursuant to Article 2 of Chapter 44A of the North Carolina General Statutes. On 13 June 1988 plaintiff instituted an action to enforce this lien, and to establish its priority over other liens and rights in the property.

When default was made in the payment of the indebtedness owed defendant Columbia and secured by the first deed of trust, defendant Robbins, trustee, foreclosed on that deed of trust. The property was sold to defendant Columbia on 29 July 1988 and a trustee's deed was executed to defendant Columbia pursuant to applicable foreclosure laws on 11 August 1988.

Plaintiff filed a notice of *lis pendens* pursuant to N.C. Gen. Stat. § 1-116 (1983) on 6 October 1988. On 14 October 1988 defend-

ants Robbins, trustee, and Columbia moved for summary judgment on the issue of priority between their deed of trust and plaintiff's lien. On 17 November 1988 these defendants also filed a motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 (1986). From the trial court's grant of both motions, plaintiff appeals.

*Brenton D. Adams and Grier J. Hurley for plaintiff-appellant.*

*Wyrick, Robbins, Yates & Ponton, by Eric A. Vernon, for defendants-appellees Larry E. Robbins and Columbia Banking Federal Savings and Loan Association.*

WELLS, Judge.

[1] As a preliminary matter we note that this is an appeal from an interlocutory order because the trial court's order did not dispose of the cause of action as to all of the parties. *See* N.C. Gen. Stat. § 1A-1, Rule 54(a) and (b) of the N.C. Rules of Civil Procedure. Both N.C. Gen. Stat. § 1-277(a) (1983) and N.C. Gen. Stat. § 7A-27(d) (1986) provide for the appeal of any order — final or interlocutory — which affects a substantial right of a party. *Whitehurst v. Corey,* 88 N.C. App. 746, 364 S.E.2d 728 (1988). In this case the trial court's entry of summary judgment against plaintiff included an award of attorney's fees and therefore affected a substantial right. Consequently, we treat the order as immediately appealable pursuant to G.S. § 1-277(a) and G.S. § 7A-27(d) and proceed to address the merits of the case.

[2] Plaintiff first contends that summary judgment was improvidently granted. Summary judgment is appropriate when there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. *Hagler v. Hagler,* 319 N.C. 287, 354 S.E.2d 228 (1987). Plaintiff contends that summary judgment was inappropriate because a genuine issue of material fact remains as to whether plaintiff was entitled to a judgment or lien against Lot 56 which has priority over the mortgage held by Columbia. Plaintiff argues that because the work giving rise to its asserted lien was performed in order to enforce Section XII of the protective covenants, it is entitled to a judgment or lien which has priority over defendant Columbia's deed of trust lien. Plaintiff is unable to cite specific authority for its position and instead relies on the general law of conveyancing in this State, especially the well-established tenet that a grantee or purchaser who accepts a deed containing valid covenants is bound for the performance of such

covenants. *Beech Mountain Property Owners v. Seifart*, 48 N.C. App. 286, 269 S.E.2d 178 (1980), *citing Cummings v. Dosam, Inc.*, 273 N.C. 28, 159 S.E.2d 513 (1968). While we agree that Columbia (and any subsequent purchaser of Lot 56) would be bound by the restrictive covenants on the property, *see J. Webster, Real Estate Law in North Carolina*, §§ 386-87 (3d ed. 1988), we nevertheless cannot agree that this rule of conveyancing governs the resolution of this case.

At the time plaintiff's lien arose, the only connection between Columbia and Lot 56 was the deed of trust recorded 27 May 1986. When a deed of trust or a mortgage of real property is duly recorded it gives the mortgagee priority over competing claims that may later arise. *See* N.C. Gen. Stat. § 47-20 (1984). An exception to this general rule occurs when a subsequently recorded mechanics', laborers' or materialmen's lien relates back to a date prior to the recordation of the deed of trust or mortgage. Pursuant to N.C. Gen. Stat. § 44A-10 (1984), a properly recorded lien relates back to the first furnishing of labor or material at the site of the improvement. It is undisputed that plaintiff first furnished labor or materials at Lot 56 on 8 June 1987. This was over a year after defendant Columbia's deed of trust was recorded. Plaintiff does not have priority over defendant Columbia in this case and these defendants were entitled to judgment as a matter of law. The trial court's grant of summary judgment was therefore proper.

[3] Plaintiff's next four assignments of error challenge the award of attorney's fees to defendants pursuant to N.C. Gen. Stat. § 6-21.5 (1986). Plaintiff first argues that the complaint raised justiciable issues of law and fact.

G.S. § 6-21.5 allows the trial court to "award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." The complete absence of a justiciable issue is the only basis for the award of attorney's fees under this section. *Bryant v. Short*, 84 N.C. App. 285, 352 S.E.2d 245, *disc. rev. denied*, 319 N.C. 458, 356 S.E.2d 2 (1987). The statute further provides that a motion for summary judgment is not in itself sufficient to justify an award of attorney's fees, although it may be evidence in support of such an award. Whenever a party advances a claim or defense supported by a good faith argument for an extension, modification,

or reversal of law, attorney's fees may not be required under this statute.

In *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 344 S.E.2d 555, *disc. rev. denied*, 318 N.C. 284, 348 S.E.2d 344 (1986) (*citing Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970)), the court explained that the presence or absence of justiciable issues in pleadings is a question of law. The sufficiency of plaintiff's pleadings to raise a justiciable issue is therefore reviewable by this Court. *Id.* at 325, 344 S.E.2d at 565.

A justiciable issue has been defined as an issue that is "real and present as opposed to imagined or fanciful." *In re Williamson*, 91 N.C. App. 668, 373 S.E.2d 317 (1988) (*citing Sprouse, supra*). In order to find complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment or to dismiss. *Id.* at 682-3, 373 S.E.2d at 325. (Citation omitted.)

Our review of plaintiff's claim as it applies to these defendants does not conclusively reveal the complete absence of a justiciable issue at this stage of the proceedings. Furthermore, plaintiff has made a good faith, albeit unsuccessful, attempt to extend North Carolina law as it applies to the enforcement of covenants and conditions. We therefore reverse the award of attorney's fees. We need not address plaintiff's remaining assignments of error as to this issue.

[4] Finally, defendants filed a motion in this Court for sanctions against plaintiff pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure (amended 8 December 1988 and effective July 1989). Rule 34 authorizes an appellate court to impose sanctions against an attorney or party or both when the court determines that an appeal or any proceeding in an appeal was frivolous. For Rule 34 purposes an appeal is frivolous if:

(a) . . .

(1) the appeal was not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(2) the appeal was taken or continued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(3) a petition, motion, brief, record, or other paper filed in the appeal was so grossly lacking in the requirements of propriety, grossly violated appellate court rules, or grossly disregarded the requirements of a fair presentation of the issues to the appellate court.

Defendant argues that this appeal is frivolous for the reasons given in subsections (a)(1) and (2). Based on our review of the record we reject these arguments and deny the motion for sanctions pursuant to Rule 34.

Affirmed as to the grant of summary judgment.

Reversed as to the order awarding attorney's fees.

Motion for sanctions in this Court denied.

Judges JOHNSON and ORR concur.