SUNAMERICA FINANCIAL CORPORATION (FORMERLY SUN FINANCE COMPANY)
v. DENNIS EUGENE BONHAM

No. 200PA90

(Filed 7 February 1991)

**1. Costs § 36 (NCI4th)— attorney fees—nonjusticiable case**

In deciding a motion for attorney fees under N.C.G.S. § 6-21.5, the trial court is required to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue.

**Am Jur 2d, Damages § 616.**

**2. Costs § 36 (NCI4th)— attorney fees—nonjusticiable case shown by answer**

The trial court properly awarded attorney fees to defendant under N.C.G.S. § 6-21.5 on the basis that there was no justiciable issue where plaintiff's complaint adequately pled the existence of a debt between the parties under an installment sales contract; defendant's answer pled the statute of limitations as a defense; it should have been apparent to plaintiff that, barring circumstances permitting the statute of limitations to be tolled, the complaint no longer contained a justiciable issue; instead of seeking dismissal of the case, plaintiff opposed defendant's motion for summary judgment by affidavits showing unsuccessful attempts to locate defendant, which would not toll the statute of limitations; and summary judgment was entered in favor of defendant.

**Am Jur 2d, Damages § 616.**

**3. Costs § 36 (NCI4th)— attorney fees—absence of justiciable issue—evidence considered**

Neither the mere filing of an affirmative defense, nor the grant of a Rule 12(b)(6) motion, nor the entry of summary judgment, without more, is sufficient to establish the absence of a justiciable issue for the purpose of awarding attorney fees under N.C.G.S. § 6-21.5, but these events are evidence of the absence of a justiciable issue. Moreover, action by the losing party which perpetuated litigation in the face of events substantially establishing that the pleadings no longer presented

a justiciable controversy may also serve as evidence for purposes of § 6-21.5.

**Am Jur 2d, Damages § 616.**

ON discretionary review of an unpublished opinion of the Court of Appeals which affirmed a judgment entered 24 April 1989 by *Bissell, J.*, in District Court of MECKLENBURG County. Heard in the Supreme Court on 10 December 1990.

*Reginald L. Yates for plaintiff-appellant.*

*Levine & Levine, by Eric D. Levine, for defendant-appellee.*

MARTIN, Justice.

The unverified complaint initiating this case sought recovery of $1,313.97 "for money loaned by plaintiff to defendant and [which defendant] has failed and refused to pay." Although filed on 27 August 1987, the complaint was not served on defendant until 25 January 1989. In a verified answer filed 14 March 1989, defendant denied that plaintiff had loaned him any money and also pled a Uniform Commercial Code statute of limitations as an affirmative defense. *See* N.C.G.S. § 25-2-725 (1986).

Defendant also filed a motion for summary judgment on 14 March 1989 in support of which he attached a consumer credit installment sales contract and two affidavits. These materials established that defendant had entered into a contract for the purchase of stereo equipment from Audio Systems of Charlotte on 11 June 1977. Further, pursuant to the contract defendant had agreed to finance the purchase of the equipment by making monthly payments, the first of which was to be made on 11 July 1977, and the last of which was due on 11 June 1979. Defendant admitted that he failed to make all of the required payments. However, defendant averred that, assuming that plaintiff was a successor in interest to Audio Systems, plaintiff's claim against defendant was barred because plaintiff failed to initiate the suit within the period allowed under the relevant statute of limitations. Defendant's motion (as well as his answer) included a prayer for his attorney's fees pursuant to N.C.G.S. § 6-21.5.

In opposition to defendant's motion, an employee of the plaintiff's successor in interest filed an affidavit detailing attempts to

locate defendant during 1977 and 1978. It stated, *inter alia*, that after such numerous unsuccessful attempts,

28. On September 28, 1978, plaintiff . . . "charged off" defendant's debt to plaintiff as allowed by law, although plaintiff continued to "skip trace" defendant from time to time.

Plaintiff's attorney in the present action also executed and filed an affidavit in which he recited various attempts he had made to locate defendant between late December 1984 and January 1989 and to serve him with the complaint.

After a hearing, summary judgment was entered in favor of defendant. The district court also awarded defendant an attorney's fee of $300.00 pursuant to N.C.G.S. § 6-21.5. Plaintiff appealed, and the Court of Appeals affirmed. This Court granted plaintiff's petition to review "the specific question of whether or not the mere filing of a complaint on a claim upon which the statute of limitations has run constitutes a complete absence of a justiciable issue of law, in view of the mandatory requirements of the defense of the statute of limitations being raised in a responsive pleading and the consequences of a waiver of such defense."

This case presents an opportunity for this Court to review an award of an attorney's fee under N.C.G.S. § 6-21.5. This statute provides as follows:

In any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's

SUNAMERICA FINANCIAL CORP. v. BONHAM

[328 N.C. 254 (1991)]

fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

Because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C.G.S. § 6-21.5 must be strictly construed. *E.g., Ellington v. Bradford,* 242 N.C. 159, 86 S.E.2d 925 (1955). *Cf. generally* Dobbs, *Awarding Attorney Fees Against Adversaries: Introducing the Problem,* 1986 Duke L.J. 435 (1986).

In this case plaintiff argues that as a matter of law the attorney's fee was improperly ordered because at the time plaintiff filed the complaint a justiciable controversy had been pled properly. It was not until defendant affirmatively pled the statute of limitations as a defense that the matters in the complaint were to be taken as anything other than true. *Cf.* N.C.G.S. § 1A-1, Rules 8(d) and 55 (1990). Therefore, plaintiff argues, it was not until the answer raising the statute of limitations was filed that the plaintiff's complaint could possibly be said to contain a nonjusticiable controversy. Plaintiff's argument implies that he contends that such an answer cannot convert a previously adequate pleading (such as the complaint here) into one containing a nonjusticiable controversy *nunc pro tunc*[1], and therefore that the award of the attorney's fee under N.C.G.S. § 6-21.5 in this case was error.

The Court of Appeals has recently correctly stated that:

A justiciable issue has been defined as an issue that is "real and present as opposed to imagined or fanciful." *In re Williamson,* 91 N.C. App. 668, 373 S.E.2d 317 (1988) (*citing [Sprouse v. North River Ins. Co.,* 81 N.C. App. 311, 344 S.E.2d 55, *disc. rev. denied,* 318 N.C. 284, 348 S.E.2d 344 (1986)], . . . ). In order to find complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment or to dismiss. [*Sprouse,* 81 N.C. App.] at 682-3, 373 S.E.2d at 325. (Citation omitted.)

*K & K Development Corp. v. Columbia Banking Fed. Savings & Loan,* 96 N.C. App. 474, 479, 386 S.E.2d 226, 229 (1989). *Cf.*

---

1. This may be contrasted with the standard applied under N.C.R. Civ. P. 11. *Cf., e.g., Cooter & Gell v. Hartmarx Corp.,* --- U.S. ---, 110 L. Ed. 2d 359, 375 (1990) ("the 'violation of [federal] Rule 11 is complete when the paper is filed,'" quoting *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir. 1987) ).

*also* N.C.G.S. § 1A-1, Rule 8(f) (1990). However, it is also possible that a pleading which, when read alone sets forth a justiciable controversy, may, when read with a responsive pleading, no longer present a justiciable controversy. The instant case presents just such an example. Here, plaintiff's complaint adequately pled the existence of a debt between the parties. Had defendant failed to answer, the allegations in plaintiff's complaint would have been deemed admitted, and a default judgment would have been possible. *See* N.C.G.S. § 1A-1, Rules 8 and 55 (1990). Thus, until an answer was filed, plaintiff's complaint in this case did set forth a justiciable issue. However, when defendant's answer raising the statute of limitations defense was filed and served, it should have become apparent to plaintiff that, barring circumstances permitting the statute of limitations to be tolled, the complaint no longer contained a justiciable issue. *Cf. Ford v. Temple Hospital*, 790 F.2d 342 (3d Cir. 1986).

[1]  Although plaintiff had no right to file a responsive pleading to the answer in this case, *see* N.C.G.S. § 1A-1, Rule 7(a), plaintiff did have a continuing duty to review the appropriateness of persisting in litigating a claim which was alleged to be time-barred. N.C.G.S. § 6-21.5 provides in part that the entry of judgment pursuant to Rule 50 or Rule 56 may be some evidence that an attorney's fee may be warranted. The statute's reference to these Rules, which are applicable only if evidence in addition to the pleadings is before the court, thus implies that when deciding whether to grant a motion under N.C.G.S. § 6-21.5 the trial court may consider evidence developed *after* the pleadings have been filed. *See also* N.C.G.S. § 1A-1, Rules 7(a) and 11 (1990); Rules of Professional Conduct of the North Carolina State Bar, Rule 7.2(A) (1991). Thus, in deciding a motion brought under N.C.G.S. § 6-21.5, the trial court is required to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue.

[2]  Here, instead of seeking dismissal of the case in the wake of defendant's affirmative defense, plaintiff elected to oppose defendant's motion for summary judgment and an attorney's fee by submitting affidavits which outlined attempts to locate defendant during 1977-78 and 1984-89. Plaintiff's affidavits do not recite why defendant was not sought actively between 1978 and late 1984.

**SUNAMERICA FINANCIAL CORP. v. BONHAM**

[328 N.C. 254 (1991)]

While North Carolina has no statute or reported common law which would toll the statute of limitations merely because plaintiff could not locate defendant, this is the gravamen of plaintiff's response to defendant's statute of limitations defense.[2] Even if North Carolina law did allow a statute of limitations to be tolled for this reason, plaintiff's discontinuous attempts to locate defendant would likely have been ineffectual to toll the limitation period.[3] *Cf. generally* 51 Am. Jur. 2d *Limitation of Actions* § 153 (1970). Thus, instead of acknowledging that the defendant's answer raised a virtually unassailable defense which foreclosed any reasonable expectation of an affirmative recovery by plaintiff, plaintiff forged on frivolously attempting to create a controversy. Under these facts the trial court could have found that "[s]uch frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of the prevailing litigants." *Whitten v. Progressive Cas. Ins. Co.*, 410 So. 2d 501, 505 (Fla. 1982) (decided under a Florida statute similar to N.C.G.S. § 6-21.5). *See generally* Note, *Attorney's Fees Under Florida Statute 57.105: Caselaw Development*, 10 Nova L.J. 155 (1985). In other words, the trial court was presented in this case with evidence that supported its conclusion of law that there was a complete absence of a justiciable issue, given defendant's statute of limitations defense and plaintiff's litigation in response thereto.

[3] It is important to note again that the mere filing of an affirmative defense without more is not sufficient to establish the absence of a justiciable issue, nor is the grant of a 12(b)(6) motion, nor the entry of summary judgment. N.C.G.S. § 6-21.5 (1986). These events may only be *evidence* of the absence of a justiciable issue. *Id.* However, action by the losing party which perpetuated litigation in the face of events substantially establishing that the pleadings no longer presented a justiciable controversy may also serve as evidence for purposes of N.C.G.S. § 6-21.5.[4] *Cf. Van Berkel v. Fox*

---

2. Plaintiff's affidavits do not even suggest that defendant left the State of North Carolina at any time; thus N.C.G.S. § 1-21 cannot apply in the instant case.

3. Because of the gap in attempts, we cannot interpret plaintiff's strategy here as advancing a "good faith argument for an extension, modification, or reversal of law . . . ." N.C.G.S. § 6-21.5 (1986).

4. This is not to say that matters outside the litigation process, *e.g.*, personal attacks by a party on other parties or court personnel, can be regarded as relevant evidence. *See Bryant v. Short*, 84 N.C. App. 285, 352 S.E.2d 245, *disc. rev. denied*, 319 N.C. 458, 356 S.E.2d 2 (1987).

*Farm and Road Machinery*, 581 F. Supp. 1248 (D. Minn. 1984). Whether such evidence would be sufficient without more is determinable on a case-by-case basis.

Under N.C.G.S. § 6-21.5 the trial court "shall make findings of fact and conclusions of law to support its award of attorney's fees." In the present case the trial court's order granting defendant summary judgment and an attorney's fee contained the following findings of fact and conclusions of law:

1. The Complaint and Summons were filed on August 27, 1987.

2. On January 25, 1989, defendant was served with the Summons and Complaint in this case.

3. Plaintiff is suing over money due on a contract entitled Consumer Credit Installment Sales Contract (the "Contract") entered into between the defendant and plaintiff's assignor, Audio Systems of Charlotte on June 11, 1977. Under this Contract, defendant purchased various stereo equipment from Audio Systems by making a down payment of $227.20 and Audio Systems agreed to finance the remainder of the amount due and owing on the stereo equipment. The Contract required the defendant to make monthly payments beginning on July 11, 1977, and continuing for two years until the last payment was made on June 11, 1979.

4. Defendant failed to make all of the monthly payments due under the Contract. By failing to make all of the monthly payments, the defendant breached the Contract sometime between July 11, 1977 and June 11, 1979. Accordingly, the cause of action against defendant for breach of contract began to accrue no later than June 12, 1979.

5. Plaintiff submitted the Affidavit of Alisa Baucom in opposition to Defendant's Motion for Summary Judgment. The Baucom Affidavit states, in paragraph four, that defendant failed to make his April 11, 1978 monthly payment. Pursuant to plaintiff's own evidentiary affidavit, the cause of action against defendant for breach of contract began to accrue no later than April 12, 1978.

6. The Contract involved the sale of goods.

7. Subsequent to the execution of the Contract, Audio Systems of Charlotte assigned its rights under the Contract to plaintiff.

The Court states the following as its Conclusions of Law:

1. Since the Contract involved the sale of goods, the North Carolina Uniform Commercial Code, N.C. Gen. Stat. § 25-2-101 *et seq.*, applies to the Contract and all transactions associated with it.

2. The applicable Statute of Limitations for the Contract is found in N.C. Gen. Stat. § 25-2-729 which states that: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."

3. Since plaintiff's cause of action began to accrue no later than June 12, 1979, under N.C. Gen. Stat. § 25-2-725(1), plaintiff was required to file this cause of action within four years, by June 12, 1983. Since plaintiff failed to bring this action by June 12, 1983, the action is barred by the Statute of Limitations found in N.C. Gen. Stat. § 25-2-725.

4. According to the Baucom Affidavit presented by plaintiff, plaintiff's cause of action began to accrue on April 12, 1978. Since plaintiff failed to file this lawsuit by April 12, 1982, plaintiff is barred by the Statute of Limitations.

5. Plaintiff waited until August 27, 1987 to file this lawsuit, over four years after the applicable Statute of Limitations time period had expired. These facts indicate that there was a complete absence of a justiciable issue of law on the Statute [of] Limitations. Accordingly, the defendant is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 6-21.5 (1986).

We note that ordinarily, findings of fact and conclusions of law are not required in the determination of a motion for summary judgment, and if these are made, they are disregarded on appeal. *E.g., Mosley v. Finance Co.*, 36 N.C. App. 109, 243 S.E.2d 145, *disc. rev. denied*, 295 N.C. 467, 246 S.E.2d 9 (1978). In light of this (and the fact that the entry of summary judgment is not before this Court for review), we will consider the above findings and conclusions as pertaining to the trial court's grant of defendant's motion for attorney's fees. We hold that the trial court's findings and conclusions suffice to support the court's order of an attorney's

fee, and that the Court of Appeals properly affirmed the award to defendant.

Affirmed.