THEODORE D. BARRIS AND WIFE, CAROL P. BARRIS, PLAINTIFFS v. TOWN OF LONG
BEACH, A FORMER NORTH CAROLINA MUNICIPAL CORPORATION AND BODY POLITIC, NOW
KNOWN AND REFERRED TO AS, TOWN OF OAK ISLAND, A NORTH CAROLINA MUNICIPAL
CORPORATION AND BODY POLITIC, AND SUCCESSOR IN INTEREST TO THE FORMER TOWN OF
LONG BEACH; TOWN OF OAK ISLAND, A NORTH CAROLINA MUNICIPAL CORPORATION
AND BODY POLITIC; AND THE STATE OF NORTH CAROLINA, DEFENDANTS

No. COA09-333

(Filed 21 December 2010)

**1. Jurisdiction— subject matter jurisdiction—land use permit—
governed by administrative law**

The trial court erred by exercising jurisdiction over the
town of Oak Island's second application for a Coastal Area
Management Act permit to develop land upon which plaintiffs
had a non-exclusive easement. The application should have first
been reviewed by the Department of Natural Resources.

**2. Pleadings— sanctions—other papers**

The trial court erred in sanctioning the town of Oak Island in
connection with the town's submission of a second site plan for
the development of land upon which plaintiffs had a non-exclu-
sive easement. The site plan did not constitute "other papers"
pursuant to N.C.G.S. § 1A-1, Rule 11(a).

Appeal by defendants from an order entered 23 October 2008 by
Judge Ola M. Lewis in Brunswick County Superior Court. Heard in
the Court of Appeals 30 September 2009.

*Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady
Richardson, Jr., for plaintiffs-appellees.*

*Crossley McIntosh Collier Hanley & Edes, PLLC, by Brian E.
Edes and Justin K. Humphries, for defendants-appellants.*

JACKSON, Judge.

The town of Oak Island, North Carolina ("Town") appeals the 23
October 2008 order enjoining it from developing the end of a public
street, imposing a monetary sanction, and awarding attorney's fees.
For the reasons stated herein, we reverse and remand.

Theodore D. Barris and Carol P. Barris ("appellees") are residents
of Oak Island, North Carolina, and owners of a non-exclusive ease-

ment for purposes of ingress, egress, and regress. Appellees' property is located adjacent to and abuts the western boundary of West Yacht Drive and the northern right of way line of Oak Island Drive, the dead end of which the Town has attempted to regulate and develop.

As a result of the Town's attempts to improve this area, on 28 May 2002, appellees asserted multiple causes of action against the Town, including declaratory and injunctive relief and damages to appellees' easement rights. Appellees filed an amended complaint on or about 21 April 2003. On or about 13 August 2003, the Town answered appellees' amended complaint, denying many of appellees' allegations and asserting numerous defenses.

On 12 November 2003, following a hearing on the parties' competing motions for summary judgment, Judge Gregory A. Weeks awarded partial summary judgment in favor of appellees. This order ("first order") affirmed appellees' easement rights and ordered the Town to remove the park-like area at the street's end.

On or about 12 December 2003, the Town gave a notice of appeal of the first order. However, on or about 18 November 2004, Judge Ola M. Lewis entered an order holding, *inter alia*, that the Town's appeal be dismissed with prejudice. The Town then removed the park as was required by the first order.

On or about 28 February 2005, the Town filed an application with the North Carolina Department of Natural Resources ("DENR") for a Coastal Area Management Act ("CAMA") permit to build certain structures within appellees' easement. The Town's CAMA application included the Town's proposed site plan of development ("first site plan") to be constructed within areas of appellees' easement.

On 14 March 2005, appellees filed an objection to the permit application in opposition to the Town's first site plan, arguing, *inter alia*, that the plan was precluded by previous court orders as well as that it violated appellees' easement rights. On or about 6 April 2005, DENR denied the Town's application for a CAMA permit for its first site plan. The Town then filed a motion to modify Judge Weeks's order and appeal the DENR decision. On 21 September 2005, Judge Weeks denied the Town's motion.

During the 7 November 2005 civil superior court session for Brunswick County, the parties conducted a jury trial on the question, "What amount is the plaintiff entitled to recover for the wrongful obstruction and interference with the plaintiff's right of access onto

West Oak Island Drive?" On 10 November 2005, the jury returned a verdict of $36,501.00.

Following post-trial motions filed by both parties, on 5 December 2005, Judge John W. Smith entered the following rulings: (1) judgment against the Town in the amount of $36,501.00 together with interest thereon from 1 October 1996 until fully paid; (2) order denying the Town's motions pursuant to Rule 50; and (3) order for taxing of costs and attorney's fees against the Town.

On 30 December 2005, the Town filed a notice of appeal with this Court. On 26 June 2006, it filed a petition for writ of *certiorari*. On 23 January 2006, the Town's petition was dismissed without prejudice to re-file after the record on appeal was filed. Then, on 31 July 2006, Judge Lewis dismissed the Town's appeal with prejudice. This order awarded appellees attorney's fees and costs and expenses and imposed sanctions against the Town pursuant to, *inter alia*, North Carolina General Statutes, section 1A-1, Rule 11. The Town filed a third appeal with the Court of Appeals on 29 August 2006 but subsequently filed a voluntary dismissal with prejudice on 6 February 2007.

On or about 15 August 2008, the Town again applied for a CAMA permit to construct a proposed site plan of development ("second site plan"). On 8 September 2008, appellees filed their objection to the permit application in opposition to the Town's second site plan, contending that the plan was a replica of the Town's first site plan, and thus, was in violation of the previous seven orders and appellees' easement rights. On 16 September 2008, appellees filed a motion to enforce prior orders of the court and a motion for sanctions, attorney's fees, costs, and/or expenses to further oppose the Town's second site plan.

On 23 October 2008, Judge Lewis granted appellees' motion. This order rejected the Town's second site plan, enjoined the Town from pursuing the second site plan, imposed a monetary sanction on the Town in the amount of $2,000.00, and awarded appellees their attorney's fees and costs and expenses totaling $10,468.58. According to this order, "[d]efendant Town's position . . . is barred by the principles of *res judicata*, collateral estoppel, judicial estoppel, and/or the law of the case doctrine[.]" From this ruling, the Town appeals.

First, we note that the Town possesses certain authority with respect to regulation of the public streets. According to North Carolina General Statutes, section 160A-174(a), "A city may by ordi-

nance define, prohibit, regulate, or abate acts, omissions, or conditions, detrimental to the health, safety, or welfare of its citizens . . . ." N.C. Gen. Stat. § 160A-174(a) (2007). Furthermore, North Carolina General Statutes, section 160A-296(a) provides that "[a] city shall have general authority and control over all public streets[.]" N.C. Gen. Stat. § 160A-296(a) (2007). Finally, North Carolina General Statutes, section 160A-300 provides that "[a] city may by ordinance prohibit, regulate, divert, control, and limit pedestrian or vehicular traffic upon the public streets, sidewalks, alleys, and bridges of the city." N.C. Gen. Stat. § 160A-300 (2007).

Further, appellees' easement is non-exclusive. Although the Town cannot develop the street end as a park, it still retains its statutory authority to regulate the public right of way.

[1] The Town's second argument, which we address first, is that the trial court erred by exercising jurisdiction over a permit issue properly governed by administrative law. We agree.

North Carolina General Statutes, section 113A-123(a), which specifically addresses how a party may challenge the issuance of a CAMA permit, provides:

> Any person directly affected by any final decision or order of the Commission under this Part may appeal such decision or order to the superior court of the county where the land or any part thereof is located, pursuant to the provisions of Chapter 150B of the General Statutes. Pending final disposition of any appeal, no action shall be taken which would be unlawful in the absence of a permit issued under this Part.

N.C. Gen. Stat. § 113A-123(a) (2007). "It is well-established that 'where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts.' " *Justice for Animals, Inc. v. Robeson Cty.*, 164 N.C. App. 366, 369, 595 S.E.2d 773, 775 (2004) (quoting *Presnell v. Pell*, 298 N.C. 715, cting a statute that provides that a certain commission or agency should review the issue, the legislature expresses the opinion that such group, due to its specialized knowledge and authority, should examine the situation first. *Presnell v. Pell*, 298 N.C. 715, 721, 260 S.E.2d 611, 615 (1979). Only after such an agency has reviewed the factual background and formulated a decision should the courts then be permitted to review the process and conflict between the parties. *Id.* at 721-22, 260 S.E.2d at 615.

We agree that the trial court erred in applying *res judicata*, collateral estoppel, judicial estoppel, and law of the case doctrine, because it does not possess the expertise in determining whether or not the issues presented by the Town's second site plan were identical to those the trial court previously had examined. The statute specifically demonstrates a preference for administrative agencies that possess specific knowledge in their fields of expertise addressing these types of issues initially. Therefore, the trial court committed error in exercising authority over an issue that should have been examined first by DENR. Thus, appellees did not follow the proper protocol in challenging the Town's CAMA permit application and as a result, failed to exhaust their administrative remedies. Only after appellees comply with the statute's required steps and DENR conducts an investigation may this Court review the matter. Therefore, we hold that the trial court erred by reviewing the issue of the second site plan prior to the completion of the DENR administrative process.

[2] The Town also argues that the trial court erred in requiring sanctions from the Town. We agree.

The trial court's decision to award sanctions pursuant to North Carolina General Statutes, section 1A-1, Rule 11(a) is an issue for *de novo* review. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). When conducting *de novo* review, the Court will determine: "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Id.* Statutes that award attorney's fees to the prevailing party are in derogation of the common law and as a result, must be strictly construed. *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991) (citations omitted). "[W]hen deciding whether to grant a motion under N.C.G.S. § 6-21.5[,] the trial court may consider evidence developed after the pleadings have been filed." *Id.* at 258, 400 S.E.2d at 438 (citations omitted) (emphasis removed). Furthermore, the trial court must "evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Id.*

North Carolina General Statutes, section 1A-1, Rule 11(a) provides that it applies to "[e]very pleading, motion, and other paper of a party [.]" N.C. Gen. Stat. § 1A-1, Rule 11(a) (2007). It further provides that

[t]he signature of an attorney or party constitutes a certificate by him that . . . [the pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The Town's second site plan does not constitute "other papers" pursuant to this statute. Moreover, because the Town's second site plan may or may not be materially different than its first site plan, depending on DENR's expert determination, this case arguably still contained a justiciable issue. Therefore, the trial court erred in sanctioning the Town, and we remand to the trial court for action consistent with this decision.

Accordingly, we hold that this controversy first should be reviewed by DENR. Because we hold that the trial court erred by failing to require appellees to exhaust their administrative remedies, we do not address the Town's remaining arguments.

Reversed and remanded.

Judges McGEE and STEELMAN concur.