AmeriGas Propane, L.P. v. Coffey, 2016 NCBC 15.

STATE OF NORTH CAROLINA

MADISON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 376

AMERIGAS PROPANE, L.P. and
AMERIGAS PROPANE, INC.,

Plaintiffs,

v.

ERMON CLARK COFFEY and MARSH
L.P. GAS, INC.,

Defendants.

ORDER AND OPINION ON
DEFENDANTS' MOTIONS FOR
ATTORNEYS' FEES AND COSTS

{1}     **THIS MATTER** is before the Court upon (i) Defendant Ermon Clark Coffey's ("Coffey") Motion for Attorneys' Fees (the "Coffey Motion for Attorneys' Fees"); (ii) Coffey's Motion for Costs (the "Coffey Motion for Costs"); (iii) Defendant Marsh L.P. Gas, Inc.'s ("Marsh") (collectively with Coffey, "Defendants") Motion for Attorneys' Fees (the "Marsh Motion for Attorneys' Fees"); and (iv) Marsh's Motion for Costs (the "Marsh Motion for Costs") (collectively, the "Motions") in the above-captioned case.   Having considered the Motions, the briefs in support of and in opposition to the Motions, and supporting documents, the Court concludes that the Coffey Motion for Attorneys' Fees should be **DENIED**, the Coffey Motion for Costs should be **GRANTED**, the Marsh Motion for Attorneys' Fees should be **DENIED**, and the Marsh Motion for Costs should be **GRANTED in part** and **DENIED in part**.[1]

> *Ellis & Winters, LLP, by Paul K. Sun and Kelly Margolis Dagger, for Plaintiffs AmeriGas Propane, L.P. and AmeriGas Propane, Inc.*
>
> *Yates, McLamb & Weyher, LLP, by Rodney E. Pettey and Brian M. Williams, and Everett Gaskins Hancock, LLP, by E.D. Gaskins, Jr. and James M. Hash, for Defendant Marsh L.P. Gas, Inc.*

---

[1] Pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, the Court elected to forego a hearing on this matter and decide the Motions on the parties' written submissions.

*Davis & Hamrick, LLP, by H. Lee Davis, Jr. and Katherine M. Barber-Jones, for Defendant Ermon Clark Coffey.*

Bledsoe, Judge.

## I.

## BACKGROUND

{2} The procedural and factual background of this case is recited in detail in *AmeriGas Propane, L.P. v. Coffey*, 2015 NCBC LEXIS 98 (N.C. Super. Ct. Oct. 15, 2015) (the "Summary Judgment Order"). The facts and procedural history pertinent to the resolution of the present Motions are set forth below.

{3} Plaintiffs AmeriGas Propane, L.P. and AmeriGas Propane, Inc. (collectively, "Plaintiffs" or "AmeriGas") initiated this action on August 29, 2013, alleging claims against Coffey for breach of contract, against Marsh for tortious interference with contract, and against both Coffey and Marsh for misappropriation of trade secrets and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1. Plaintiffs alleged that Coffey, a former propane delivery driver for AmeriGas, had breached his Confidentiality and Post-Employment Agreement (the "Post-Employment Agreement") with Plaintiffs by working for a competitor, Defendant Marsh, soliciting Plaintiffs' customers, and misappropriating Plaintiffs' trade secrets. Plaintiffs also alleged that Marsh had tortiously interfered with Coffey's Post Employment Agreement and misappropriated Plaintiffs' trade secrets.

{4} The parties conducted discovery and, thereafter, both Coffey and Marsh filed respective Motions for Summary Judgment, seeking the dismissal of all claims against them. On October 15, 2015, this Court issued the Summary Judgment Order granting both Motions for Summary Judgment and dismissing all of Plaintiffs' claims with prejudice.

{5} On December 22, 2015, Defendants filed the pending Motions. The time period for briefing of the Motions has passed and the Motions are now ripe for resolution.

## II.
## THE MOTIONS FOR ATTORNEYS' FEES

{6}     Because both the Coffey and the Marsh Motion for Attorneys' Fees are essentially identical, the Court considers them together.  "It is settled law in North Carolina that ordinarily attorneys' fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them."  *United Artists Records, Inc. v. E. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973) (citing *Bowman v. Chair Co.*, 271 N.C. 702, 157 S.E.2d 378 (1967)).   "Statutes that award attorney's fees to the prevailing party are in derogation of the common law and as a result, must be strictly construed."  *Barris v. Town of Long Beach*, 208 N.C. App. 718, 722, 704 S.E.2d 285, 289 (2010) (citing *SunAmerica Fin. Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991)). Of particular relevance here, "the granting of . . . a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award."  *Winston-Salem Wrecker Ass'n v. Barker*, 148 N.C. App. 114, 117, 557 S.E.2d 614, 617 (2001).

{7}     Defendants claim that they are entitled to their reasonable attorneys' fees incurred in defending this action under three different statutes: (i) N.C. Gen. Stat. § 66-154, (ii) N.C. Gen. Stat. § 75-16.1, and (iii) N.C. Gen. Stat. § 1D-45.  The Court addresses each argument in turn.

A.     <u>N.C. Gen. Stat. § 66-154</u>

{8}     Defendants first argue that they are entitled to their reasonable attorneys' fees under N.C. Gen. Stat. § 66-154 because Plaintiffs' claim for misappropriation of trade secrets was made in bad faith.  Under section 66-154(d), "[i]f a claim for misappropriation is made in bad faith . . . , the court may award reasonable attorneys' fees to the prevailing party."   A finding of bad faith is inappropriate so long as "the claimant had 'a good faith belief that the suit has legitimate basis.'"  *Velocity Solutions, Inc. v. BSG, LLC*, 2015 NCBC LEXIS 54, at

*21 (N.C. Super. Ct. May 26, 2015) (quoting *Reichhold Chems., Inc. v. Goel*, 146 N.C. App. 137, 158, 555 S.E.2d 281, 294 (2001)).

{9}     Defendants argue that Plaintiffs' claim for misappropriation of trade secrets was made in bad faith because Plaintiffs knew or should have known that the claim was not well-founded in law or fact. Specifically, Defendants argue that Plaintiffs' claim that the names and addresses of its customers constituted a trade secret was not well-founded under North Carolina law. Defendants further argue that Plaintiffs' claim that Coffey misappropriated Plaintiffs' historical usage, credit information, and pricing information was not well-founded in fact.

{10}     The Court disagrees. First, although the Court concluded in the Summary Judgment Order that the customer names and addresses that Coffey retained in his memory after leaving Plaintiffs' employ did not constitute trade secrets under *Kadis v. Britt*, 224 N.C. 154, 162, 29 S.E.2d 543, 548 (1944) and its progeny, the Court was required to consider whether the principles of *Kadis* should extend to the unique circumstances here, where it was undisputed that Coffey had a remarkable memory and knew all the customers on his route. Although the Court ultimately rejected Plaintiffs' claim of trade secret protection for this information, the Court is persuaded that Plaintiffs had a good faith basis to assert this claim.

{11}     Similarly, although the Court concluded that AmeriGas failed to bring forward substantial evidence of Defendants' misappropriation of its historical usage, credit information, and pricing information, it is undisputed that Defendants rapidly converted many of Plaintiffs' customers after Marsh hired Coffey, and there has been no evidence presented suggesting either that Plaintiffs' customer list containing this information did not in fact go missing or that Plaintiffs did not genuinely believe that Coffey took the customer list based on objective facts. Accordingly, the Court is not persuaded that this aspect of Plaintiffs' trade secret claim was asserted in bad faith.

{12}     Based on the foregoing, the Court denies Defendants' Motions for Attorneys' Fees under N.C. Gen. Stat. § 66-154.

B.      N.C. Gen. Stat. § 75-16.1

{13}    Under N.C. Gen. Stat. § 75-16.1, the Court may award attorneys' fees in defending a claim for unfair and deceptive trade practices ("UDTP") under N.C. Gen. Stat. § 75-1.1 only upon its finding that "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75-16.1(2). "A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." *McKinnon v. CV Indus.*, 228 N.C. App. 190, 199, 745 S.E.2d 343, 350 (2013) (internal quotation marks and citation omitted).

{14}    Defendants argue that they should be awarded reasonable attorneys' fees in defending Plaintiffs' claim because (i) the underlying claims upon which Plaintiffs based their UDTP claim (i.e., misappropriation of trade secrets, breach of contract, and tortious interference with contract) were frivolous and malicious, and (ii) Plaintiffs' argument that Defendants' misuse of confidential information constituted a violation of section 75-1.1 was not well-grounded in fact or law.

{15}    The Court is again unpersuaded. First, the Court cannot conclude that Plaintiffs could not present a rational argument in support of their claims for misappropriation of trade secrets, breach of contract, and tortious interference with contract. The Court has previously discussed its conclusion that the misappropriation claim was not brought in bad faith; the same considerations motivating that conclusion apply equally to support the Court's conclusion that the misappropriation claim was not frivolous. Similarly, the Court concludes that Plaintiffs' factual and legal contentions concerning the enforceability of the non-competition, non-solicitation, and non-disclosure provisions in the Post-Employment Agreement as well as Plaintiffs' allegations of breach by Coffey, interference by Marsh, and use of confidential information by Coffey were rationally made in the circumstances. Thus, the Court does not find the claims to be frivolous.

{16}    Moreover, the Court has not been presented with any evidence that suggests that any of these claims were malicious.  As a result, the Court denies Defendants' Motions for Attorneys' Fees under N.C. Gen. Stat. § 75-16.1.

C.    N.C. Gen. Stat. § 1D-45

{17}    Under N.C. Gen. Stat. § 1D-45, "[t]he court shall award attorneys' fees, resulting from the defense against [a] punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious."  In evaluating claims for punitive damages, the standards for "frivolous" and "malicious" are the same as under section 75-16.1.  *See Philips v. Pitt Cnty. Mem. Hosp., Inc.*, 775 S.E.2d 882, 884 (N.C. Ct. App. 2015).

{18}    Defendants argue that Plaintiffs' punitive damages claims were frivolous or malicious because they presented no evidence of the presence of an aggravating factor as to either Marsh or Coffey as required under N.C. Gen. Stat. § 1D-15.  Under that statute, "[p]unitive damages may be awarded only if the claimant proves that the Defendant is liable for compensatory damages and that one of the following aggravated factors was present and was related to the injury from which compensatory damages were awarded: (1) Fraud. (2) Malice. (3) Willful or Wanton Conduct."  Here again, however, the Court cannot conclude on the facts of record that Plaintiffs' request for an award of punitive damages was not supported by rational argument, or that Plaintiffs knew or should have known that the claims were frivolous or malicious.  The Court therefore denies Defendants' Motions for Attorneys' Fees under N.C. Gen. Stat. § 1D-45.

III.

THE MOTIONS FOR COSTS

{19}    Both Coffey and Marsh seek to recover costs pursuant to N.C. Gen. Stat. §§ 6-20 and 7A-305(d).  "The expenses enumerated in § 7A-305(d) constitute a 'complete and exhaustive' list" of "assessable or recoverable" costs under section 6-20.  *McKinnon*, 228 N.C. App. at 202, 745 S.E.2d at 352 (quoting N.C. Gen. Stat. § 7A-305(d)).  The Court of Appeals has concluded that when construing sections 6-20 and 7A-305 together, the trial court "is afforded no discretion in determining

whether or not to award those costs enumerated under section 7A-305(d), and therefore, the trial court must impose the costs requested by defendant" so long as the costs fall within the scope of section 7A-305(d). *Khomyak v. Meek*, 214 N.C. App. 54, 57, 715 S.E.2d 218, 220 (2011); *see also Wortman v. Hutaff*, 2014 NCBC LEXIS 73, *4–6 (N.C. Super. Ct. Dec. 31, 2014) (discussing section 7A-305(d) and the 2007 Act to Clarify the Court's Discretion to Allow Court Costs and noting "the [trial court] only has the authority to tax those costs expressly listed in section 7A-305(d)"); *McKee v. James*, 2015 NCBC LEXIS 78, *3–13 (N.C. Super. Ct. Aug. 6, 2015) (discussing section 7A-305(d)).

{20} Coffey seeks to recover costs in the total amount of $5,103.23 as follows: (i) $4,562.40 for costs associated with stenographic and videographic assistance for depositions and transcripts and (ii) $540.83 for reimbursement of the mediator's fee. N.C. Gen. Stat. § 7A-305(d) allows a party to recover its costs for, among other things, "[r]easonable and necessary expenses for stenographic and videographic assistance directly related to the taking of depositions and for the cost of deposition transcripts," and "[f]ees of . . . mediators agreed upon by the parties[.]" N.C. Gen. Stat. §§ 7A-305(d)(10), (d)(7).

{21} Plaintiffs object to the inclusion of certain charges related to Coffey's deposition costs on the ground that they are not within the scope of section 7A-305(d)(10). Specifically, Plaintiffs object to inclusion of Capital Reporting Invoices #18399, #18425, and #18424 because they are expenses for purchasing a rough draft deposition transcript in addition to the copy of the transcript already included on each of the invoices. These charges total $815.50. Plaintiffs also object to inclusion of Esquire Solutions Invoice #CSD176237 because the charge of $783.10 includes the allegedly unnecessary and duplicative expense of one copy of the deposition transcript in addition to the original, and because a charge of $25.00 for a "Litigation Support Package" is not a necessary expense. Plaintiffs do not otherwise object to the costs calculated by Coffey.

{22} In reply, Coffey seeks to rebut each of Plaintiffs' challenges. As to Plaintiffs' objections to the Capital Reporting Invoices, Coffey argues that the rough

draft deposition transcripts were expedited copies that were reasonable for Defendants to obtain given the short amount of time between the date of the depositions and the deadline for briefing on the then-pending Motions for Preliminary Injunction. The Court agrees that these costs fall within the scope of section 7A-305(d)(10) as "[r]easonable and necessary expenses" related to taking depositions. Accordingly, the Court includes these expenses in its award of costs to Coffey.

{23} As to Plaintiffs' objection to the Esquire Solutions Invoice, Coffey argues that the cost of $783.10 for an "original and one copy of transcript" is the normal charge for the original deposition transcript, and that the copy is free. According to Coffey, the charge of $783.10 would be the same without the copy, and therefore the full amount is "reasonable and necessary" under the statute. Coffey further asserts that the charge for a "Litigation Support Package" is for an electronic copy of this same deposition and is likewise reasonable and necessary. The Court agrees with Coffey's contentions and includes these expenses in its award of costs to Coffey.

{24} Marsh seeks to recover costs in the total amount of $4,173.16 as follows: (i) $3,632.33 for costs associated with stenographic and videographic assistance for depositions and transcripts and (ii) $540.83 for reimbursement of the mediator's fee. As with Coffey, Plaintiffs object to the inclusion of certain charges related to Marsh's deposition costs on the ground that they are not within the scope of section 7A-305(d)(10). Specifically, Plaintiffs object to a charge for an ASCII DISK of $30.00 and a charge for an E-TRANSCRIPT of $40.00. Plaintiffs do not otherwise object to the costs calculated by Marsh.

{25} Marsh elected not to file a reply within the time period allowed under the Business Court Rules. Because Marsh has not filed a reply, and Plaintiffs represented that they advised counsel for Marsh of Plaintiffs' objections, the Court will assume that Marsh deems Plaintiffs' objections to be well-taken and will thus exclude these expenses in its award of costs to Marsh.

IV.

CONCLUSION

{26}    For the foregoing reasons, the Court hereby **ORDERS** as follows:

a. The Coffey Motion for Attorneys' Fees is **DENIED**;

b. The Marsh Motion for Attorneys' Fees is **DENIED**;

c. The Coffey Motion for Costs is **GRANTED**. Plaintiffs shall pay Coffey his costs in the total amount of $5,103.23 no later than March 8, 2016;

d. The Marsh Motion for Costs is **GRANTED in part** and **DENIED in part**. Plaintiffs shall pay Marsh its costs in the total amount of $4,103.16 no later than March 1, 2016; and

e. Defendants shall promptly notify the Court upon receipt of the above payments from Plaintiffs so that this case may be closed on the Court's docket.

**SO ORDERED**, this the 17th day of February, 2016.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases