Phillips & Jordan, Inc. v. Bostic; Yates Constr. Co. v. Bostic; Am. Mech., Inc. v. Bostic, 2016 NCBC 95.

STATE OF NORTH CAROLINA

GRAHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 53

PHILLIPS AND JORDAN, INC.,

        Plaintiff,

v.

JOSEPH E. BOSTIC, JR., and
JEFFERY L. BOSTIC,

        Defendants.

**ORDER AND OPINION ON
DEFENDANT JEFFREY L. BOSTIC'S
MOTIONS FOR ATTORNEYS' FEES**

ROCKINGHAM COUNTY

12 CVS 977

YATES CONSTRUCTION
COMPANY, INC.,

        Plaintiff,

v.

JOSEPH E. BOSTIC, JR.,

        Defendant.

RANDOLPH COUNTY

12 CVS 1384

AMERICAN MECHANICAL, INC.,

        Plaintiff,

v.

JOSEPH E. BOSTIC, JR.,

        Defendant.

1.     **THESE MATTERS** are before the Court upon Defendant Jeffrey L. Bostic's ("Defendant" or "Bostic") Motions for Attorneys' Fees and Costs ("Motions" or "Motions for Attorneys' Fees") in the above-captioned cases.  Having considered the Motions, the briefs in support of and in opposition to the Motions, supporting documents, and the arguments of counsel at the hearing on July 28, 2016, the Court concludes, in the exercise of its discretion, that Bostic's Motions for Attorneys' Fees under N.C. Gen. Stat. §§ 6.21.5 and 75-16.1 should be **DENIED** and Bostic's request for costs under N.C. Gen. Stat. § 6-20 should be **GRANTED**.

> *McKinney Law Firm, P.A., by Zeyland G. McKinney, Jr., Stiles Law Office, PLLC, by Eric W. Stiles, and Hedrick Gardner Kincheloe & Garofalo, LLP, by Patricia P. Shields and Joshua D. Neighbors, for Plaintiffs Phillips and Jordan, Inc., Yates Construction Company, Inc., and American Mechanical, Inc.*

> *Nexsen Pruet, PLLC, by David S. Pokela and Christine L. Myatt, for Defendant Jeffrey L. Bostic.*

Bledsoe, Judge.

I.

FACTUAL BACKGROUND

2.     For the purpose of resolving the present Motions, the Court recites a summary of the material and uncontroverted facts from the record that were set forth in the Order and Opinion on Defendant's Motions for Summary Judgment in the above-captioned cases. *See Yates Constr. Co. v. Bostic*, 2014 NCBC LEXIS 19 (N.C. Super. Ct. May 12, 2015); *Phillips and Jordan, Inc. v. Bostic*, 2014 NCBC LEXIS 17 (N.C. Super. Ct. May 12, 2015); *Am. Mech., Inc. v. Bostic*, 2014 NCBC LEXIS 18 (N.C. Super. Ct. May 12, 2015).

3. American Mechanical, Inc. ("American Mechanical"), Phillips and Jordan, Inc. ("Phillips and Jordan"), and Yates Construction Company, Inc. ("Yates") (collectively, "Plaintiffs") are subcontractors that rendered services on construction projects to companies in which Bostic had at least an ownership interest, in particular, to Bostic Construction, Inc. ("BCI") and Bostic Development, LLC (collectively, the "Affiliated Companies"). (Am. Mech. Compl. ¶¶ 3, 20; Phillips and Jordan Compl. ¶¶ 3, 21; Yates Compl. ¶¶ 3, 20.)

4. In operating the Affiliated Companies, Bostic and Melvin Morris ("Morris") typically formed a "Project LLC," which was funded by third-party equity investors, to take out a construction loan and enter into a construction contract with BCI, as the general contractor for the project. (Am. Mech. Compl. ¶ 57; Phillips and Jordan Compl. ¶ 58; Yates Compl. ¶ 57.) BCI would then contract with subcontractors, including Plaintiffs, to obtain services and materials for the development of the real property involved in each project. (Am. Mech. Compl. ¶ 57; Phillips and Jordan Compl. ¶ 58; Yates Compl. ¶ 57.)

5. Plaintiffs contended in this litigation, among other things, that Bostic and Morris used the Project LLCs to "commingle, misuse, and misappropriate the construction loans provided to finance the construction projects" to further their interests in other companies that they owned and to make preferential payments for their own benefit rather than to pay the debts relating to the specific projects the construction loans were intended to fund. (Am. Mech. Compl. ¶¶ 83, 89–91; Phillips and Jordan Compl. ¶¶ 85, 91–93; Yates Compl. ¶¶ 85, 91–93.)

6. Plaintiffs further alleged that Bostic and Morris acted wrongfully by engaging in such activity when BCI's circumstances amounted to dissolution or winding up. (Am. Mech. Compl. ¶ 97; Phillips and Jordan Compl. ¶ 95; Yates Compl. ¶95.)

7. On January 17, 2005, a Chapter 7 involuntary bankruptcy petition was filed against BCI. *Phillips and Jordan, Inc. v. Bostic*, 2012 NCBC LEXIS 36, at *6 (N.C. Super. Ct. June 1, 2012); *Yates Constr. Co. v. Bostic*, 2013 NCBC LEXIS 4, at *4 (N.C. Super. Ct. Jan. 18, 2013); *Am. Mech., Inc. v. Bostic*, 2013 NCBC LEXIS 3, at *4 (N.C. Super. Ct. Jan. 18, 2013).

8. Plaintiffs were not compensated in full for the work they performed and subsequently initiated these actions. (Am. Mech. Compl. ¶¶ 78–106; Phillips and Jordan Compl. ¶¶ 78–109; Yates Compl. ¶¶ 79–109.)

II.

PROCEDURAL BACKGROUND

9. Phillips and Jordan initiated Civil Action No. 11-CVS-53 in Graham County Superior Court on April 1, 2011 alleging claims against Bostic and Morris for constructive fraud, against Tyler Morris, Michael Hartnett, and Joseph E. Bostic, Jr. (collectively with Morris and Bostic, "Defendants") for aiding and abetting constructive fraud, and against all Defendants for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 ("Phillips and Jordan Action"). (Phillips and Jordan Compl. ¶¶ 80–143.) On June 1, 2012, this Court (Murphy, J.) dismissed Phillips and Jordan's claims for aiding and abetting constructive fraud

and unfair and deceptive trade practices.  *Phillips and Jordan*, 2012 NCBC LEXIS 36, at *32.  Subsequently, Phillips and Jordan dismissed its action against Morris with prejudice on May 24, 2013.  (Phillips and Jordan Stipulation of Dismissal of Melvin Morris, May 24, 2013.)

10.     American Mechanical initiated Civil Action No. 12-CVS-1384 in Randolph County Superior Court on June 4, 2012, also alleging claims against Bostic and Morris for constructive fraud and against Tyler Morris, Michael Harnett, and Joseph E. Bostic, Jr. for aiding and abetting constructive fraud (the "American Mechanical Action"). (Am. Mech. Compl. ¶¶ 78–126.)  American Mechanical did not assert a Chapter 75 claim against any Defendant.  On January 18, 2013, this Court (Murphy, J.) dismissed American Mechanical's claims for aiding and abetting constructive fraud.  *Am. Mech.*, 2013 NCBC LEXIS 3, at *6.  Subsequently, on May 24, 2013, American Mechanical dismissed its action against Morris with prejudice. (Am. Mech. Stipulation Dismissal Melvin Morris, May 24, 2013).

11.     Yates initiated Civil Action No. 12-CVS-977 in Rockingham County Superior Court on June 6, 2012 (the "Yates Action"), two days after American Mechanical filed its action.  Yates's claims were identical to those advanced by American Mechanical:  constructive fraud against Bostic and Morris, and aiding and abetting constructive fraud against Tyler Morris, Michael Harnett, and Joseph E. Bostic, Jr.  (Yates Compl. ¶¶ 80–129.)  As in the American Mechanical Action, this Court (Murphy, J.) dismissed Yates's claims for aiding and abetting constructive fraud on January 18, 2012.  *Yates*, 2013 NCBC LEXIS 4, at *6.

Thereafter, Yates dismissed its action against Morris with prejudice on May 24, 2013. (Yates Stipulation of Dismissal of Melvin Morris, May 24, 2013.)

12.    Bostic, as the only remaining defendant in all three cases, filed nearly identical motions for summary judgment on December 17, 2013 in the Phillips and Jordan Action, the American Mechanical Action, and the Yates Action (collectively, the "Companion Cases"), which Judge Murphy granted on May 12, 2014. *See Yates Constr. Co. v. Bostic*, 2014 NCBC LEXIS 19 (N.C. Super. Ct. May 12, 2014); *Phillips and Jordan, Inc. v. Bostic*, 2014 NCBC LEXIS 17 (N.C. Super. Ct. May 12, 2014); *Am. Mech., Inc. v. Bostic*, 2014 NCBC LEXIS 18 (N.C. Super. Ct. May 12, 2014) (collectively, the "Summary Judgment Orders").

13.    Judge Murphy concluded that because the undisputed evidence showed that Plaintiffs had, at most, minimal contact with Bostic, Bostic had not taken "advantage of a position of trust to the hurt of Plaintiff[s]," mandating dismissal of Plaintiffs' claims for constructive fraud. *Yates*, 2014 NCBC LEXIS 19, at *7–9 (dismissal based on evidence of only minimal contact); *Phillips and Jordan*, 2014 NCBC LEXIS 18, at *7–9 (dismissal based on no evidence of contact); *Am. Mech.*, 2014 NCBC LEXIS 17, at *7–8 (dismissal based on no evidence of contact).

14.    Plaintiffs thereafter attempted to file an appeal of the Summary Judgment Orders, which this Court dismissed for failure to comply with Rule 3 of the North Carolina Rules of Appellate Procedure. *Am. Mech., Inc. v. Bostic*, 2014 NCBC LEXIS 48, at *6–7 (N.C. Super. Ct. Oct. 6, 2014); *Phillips and Jordan, Inc. v. Bostic*, No. 11 CVS 53 ¶ 9 (N.C. Super. Ct. Oct. 6, 2014); *Yates Constr. Co. v. Bostic*,

No. 12 CVS 977 ¶ 9 (N.C. Super. Ct. Oct. 6, 2014). Plaintiffs subsequently filed notices of appeal of both the Summary Judgment Orders and this Court's dismissal of each earlier appeal (the "Appeals").

15. While the Appeals were pending, on November 13, 2014, Bostic filed the pending Motions for Attorneys' Fees, which are largely identical for all substantive purposes.[1] Each Plaintiff filed an identical brief opposing the Motions on December 22, 2014. Bostic filed nearly identical replies on January 5, 2015. The Court stayed consideration of the Motions pending resolution of the Appeals.

16. On February 2, 2016, the North Carolina Court of Appeals affirmed this Court's dismissal of the Appeals. *Am. Mech., Inc. v. Bostic*, 782 S.E.2d 344, 350, 2016 N.C. App. LEXIS 130, at *18 (N.C. Ct. App. Feb. 2, 2016).

17. On April 13, 2016, the North Carolina Supreme Court denied Plaintiffs' March 7, 2016 petition for discretionary review. *Am. Mech., Inc. v. Bostic*, 784 S.E.2d 472, 2016 N.C. LEXIS 341 (N.C. Apr. 13, 2016).

18. The case was subsequently certified to this Court for further proceedings. After affording the parties an opportunity for supplemental briefing, the Court held a hearing on the Motions on July 28, 2016. The Motions are now ripe for resolution.

III.

MOTIONS FOR ATTORNEYS' FEES

19. Because Bostic's Motions are essentially identical in each Companion Case, the Court considers them together. "It is settled law in North Carolina that

---

[1] The only substantive difference in the Motions is that Bostic also seeks attorneys' fees from Phillips and Jordan under N.C. Gen. Stat. § 75-16.1. (Phillips and Jordan Br. Supp. Mot. Att'y Fees 9–10.)

ordinarily attorneys['] fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." *United Artists Records, Inc. v. E. Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973) (citing *Bowman v. Chair Co.*, 271 N.C. 702, 157 S.E.2d 378 (1967)). "Statutes that award attorney's fees to the prevailing party are in derogation of the common law and as a result, must be strictly construed." *Barris v. Town of Long Beach*, 208 N.C. App. 718, 722, 704 S.E.2d 285, 289 (2010) (citing *Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991)). Of particular relevance here, "the granting of . . . a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award." *Winston-Salem Wrecker Ass'n v. Barker*, 148 N.C. App. 114, 117, 557 S.E.2d 614, 617 (2001).

20. Bostic claims that he is entitled to his reasonable attorneys' fees incurred in defending the Companion Cases under N.C. Gen. Stat. § 6-21.5 from all Plaintiffs and, in addition, from Phillips and Jordan under N.C. Gen. Stat. § 75-16.1. Bostic also seeks costs from Plaintiffs under N.C. Gen. Stat. § 6-20. The Court addresses each argument in turn.

A. N.C. Gen. Stat. § 6-21.5

21. Under N.C. Gen. Stat. § 6-21.5, a trial court:

[U]pon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss

pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

22. "A justiciable issue is one that is 'real and present as opposed to imagined or fanciful.'" *Lincoln v. Bueche*, 166 N.C. App. 150, 154, 601 S.E.2d 237, 242 (2004) (citing *Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437). "[I]t must conclusively appear that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment . . . ." *Id.* (quoting *Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 326, 344 S.E.2d 555, 565 (1986)). In other words, an unassailable defense or deficiency in the losing party's case must "foreclose[] any reasonable expectation of an affirmative recovery" such that "forg[ing] on [is] frivolously attempting to create a controversy," and "constitutes a reckless waste of judicial resources as well as the time and money of the prevailing litigants." *Sunamerica*, 328 N.C. at 259, 400 S.E.2d at 438 (affirming award of attorneys' fees after defendant asserted meritless statutes of limitations defense).

23. Specifically, the trial court must first consider "whether the pleading, when read in conjunction with all responsive pleadings, facially presents a justiciable issue of law." *Depasquale v. O'Rahilly*, 102 N.C. App. 240, 246–47, 401 S.E.2d 827, 831 (1991). Second, the court must consider "whether the losing party

should reasonably have been aware that the pleading he filed contained no justiciable issue of law." *Id.* at 247, 401 S.E.2d at 831.

24.     Bostic alleges that Plaintiffs' Complaints each lack a justiciable issue of law or fact, (Yates Reply 3; Phillips and Jordan Reply 3; Am. Mech. Reply 3), and that Bostic informed Plaintiffs of the specific fatal deficiencies in the Complaints in letters to Plaintiffs' counsel prior to suit and in briefs filed with the Court after these actions were commenced. (Am. Mech. Br. Supp. Mot. Att'y Fees 6; Phillips and Jordan Br. Supp. Mot. Att'y Fees 12; Yates Br. Supp. Mot. Att'y Fees 6–7.) Bostic claims that Plaintiffs knew that their Complaints were fatally defective because Plaintiffs knew they could not present evidence that Bostic actually participated in the transactions at issue, which, Bostic argues, was a necessary element to sustain Plaintiffs' constructive fraud claims against Bostic under the holding in *Oberlin Capital L.P. v. Slavin*, 147 N.C. App. 52, 554 S.E.2d 840 (2001). *See also Elmet Techs., Inc. v. Radko*, No. 3:07CV402, 2008 U.S. Dist. LEXIS 117273 (W.D.N.C. May 13, 2008). (Am. Mech. Br. Supp. Mot. Att'y Fees 10; Phillips and Jordan Br. Supp. Mot. Att'y Fees 12; Yates Br. Supp. Mot. Att'y Fees 8, 10.)

25.     In addition to alleging that Bostic's Motions are procedurally improper,[2] Plaintiffs contend that each Complaint contained a justiciable issue because each was supported by sworn testimony and evidence establishing all elements of

---

[2] Plaintiffs argue that Bostic (i) failed to identify the manner in which the pleadings were groundless or lacked a justiciable issue and the time when the lack of justiciability became apparent, (Pls.' Br. Opp. Mot. Att'y Fees 8); (ii) failed to identify a responsive pleading that rendered each Plaintiffs' "complaint void of justiciable issues," citing *Depasquale*, *supra* (Pls.' Br. Opp. Mot. Att'y Fees 9); and (iii) improperly relied upon Bostic's position on payment of attorneys' fees arising in connection with earlier litigation filed by Plaintiffs in 2008 and 2009. (Pls.' Br. Opp. Mot. Att'y Fee 26.)

constructive fraud as described in *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 560 S.E.2d 817 (2002). (Pls.' Br. Opp. Mot. Att'y Fees. 9, 11.)

26. Based on the record before the Court and the then existing state of North Carolina law concerning constructive fraud, the Court cannot conclude, as Bostic urges, that Plaintiffs knew or should have known that they did not have "any reasonable expectation of an affirmative recovery" on their constructive fraud claims against Bostic prior to the dismissal of those claims. *Sunamerica*, 328 N.C. at 259, 400 S.E.2d at 438.

27. As explained by our Supreme Court, constructive fraud requires a plaintiff to show "that [plaintiff] and defendant[] were in a 'relation of trust and confidence . . . [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.'" *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 244 (1997) (quoting *Rhodes v. Jones*, 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950)). The case principally relied upon by Bostic, *Oberlin Capital, L.P. v. Slavin*, did not involve a constructive fraud claim but generally recognized that although a director is not liable for the corporation's torts "merely by virtue of his office," the director "can . . . be held directly liable to an injured third party for a tort personally committed by the director or one in which he participated." 147 N.C. App. at 57, 554 S.E.2d at 845. Bostic argues that Plaintiffs knew prior to filing suit, as well as after, that Bostic did not participate in the conduct about which Plaintiffs complain, entitling Bostic to attorneys' fees.

28.     *Oberlin*, however, also recognized the legal proposition upon which Plaintiffs rely, i.e., that "a corporate director can breach a fiduciary duty to a creditor if 'the transaction at issue [] occurs under circumstances amounting to a 'winding-up' or dissolution of the corporation.'" *Id.* at 61, 554 S.E.2d at 847 (citing *Whitley v. Carolina Clinic, Inc.*, 118 N.C. App. 523, 528, 455 S.E.2d 896, 900 (1995)).

29.     Thereafter, in *Keener Lumber Co.*, the Court of Appeals considered this proposition in the context of a constructive fraud claim and identified five factors a factfinder should consider in determining whether circumstances amounting to a dissolution or winding up exist:

> (1) whether the corporation was insolvent, or nearly insolvent, on a balance sheet basis; (2) whether the corporation was cash flow insolvent; (3) whether the corporation was making plans to cease doing business; (4) whether the corporation was liquidating its assets with a view of going out of business; and (5) whether the corporation was still prosecuting its business in good faith, with a reasonable prospect and expectation of continuing to do so.

149 N.C. App at 31, 560 S.E.2d at 825. "[O]nce a director's fiduciary duty to creditors arises, a director is generally prohibited from taking advantage of his intimate knowledge of the corporate affairs and his position of trust for his own benefit and to the detriment of the creditors to whom he owes the duty." *Id.* at 33, 560 S.E.2d at 826 (citing *Steel Co. v. Hardware Co.*, 175 N.C. 450, 451–52, 95 S.E. 896, 897 (1918); *Whitley*, 118 N.C. App. at 526, 455 S.E.2d at 899). In particular, the court suggested that, on the facts of that case, the "acts that *may* have amounted to a breach of this fiduciary duty include, but are not necessarily limited to: (1) continuing to purchase [goods or services] from [creditors] without disclosing

the [financial] status of [the corporation]; and (2) failing to pay all creditors of the same class on a pro rata basis." *Id.* at 33, 560 S.E.2d at 827.

30. Plaintiffs argue that they offered sworn testimony and other evidence establishing all elements of a constructive fraud claim as described in *Keener* and *Whitley*. In particular, Plaintiffs contend that they offered evidence that Bostic caused BCI to make a preferential payment to himself in "circumstances amounting to a winding up or dissolution of [BCI]" and thereby breached his fiduciary duty to Plaintiffs as creditors of BCI. *See Keener Lumber Co.*, 149 N.C. App. at 33, 560 S.E.2d at 827. As such, Plaintiffs contend that their claims for constructive fraud raised a justiciable issue and that Bostic's Motions should be denied.

31. Based on its careful review of the record, the Court agrees with Plaintiffs and finds accordingly. The Court finds particularly significant for these purposes the sworn affidavit testimony of Morris, a former BCI officer and director who, among other things, averred that "Bostic withdrew $550,000.00 from the bank account of Bostic Construction, Inc. during March of 2004 while Bostic Construction, Inc. was attempting to regain solvency." (Ex. 2 Aff. of Melvin Morris 14.) This and other competent evidence offered by Plaintiffs, could reasonably lead a factfinder to conclude that BCI was insolvent[3] and making plans to cease doing

---

[3] For example, Plaintiffs offered evidence of balance sheet insolvency through the testimony of Edward P. Bowers, CPA, CIRA, DABFA, CFF. ( Pls.' Br. Opp'n Mot. Summ. J, Ex. 8; Ex. 78.) Similarly, Plaintiffs offered evidence of cash flow insolvency through Morris, who averred that he "made a personal cash contribution . . . in March of 2004 due to the fact that Bostic Construction was cash flow insolvent" and "[d]espite the cash infusions that were made prior to June 1, 2004, Bostic Construction, Inc. never regained cash flow insolvency after June 1, 2004." ( Pls.' Br. Opp'n Mot. Summ. J, Ex. 2 Melvin Morris Aff. 12, 13.)

business[4] at the time Bostic allegedly caused BCI to make the preferential payment asserted by Morris. Even though Judge Murphy concluded that summary judgment was proper in each Companion Case, the Court concludes, based on the competent evidence of record, that Plaintiffs had a reasonable basis to contend, under the holdings in *Keener* and *Whitley*, that Bostic breached a fiduciary duty to Plaintiffs, as creditors of BCI, by causing BCI to make a preferential payment to him in circumstances amounting to a winding up or dissolution of BCI. (*See generally*, *e.g.*, Def.'s Answer Yates Compl. ¶¶ 20, 82; Def.'s Answer Phillips and Johnson Compl. ¶¶ 21, 81, 82; Def.'s Answer Am. Mech. Compl. ¶¶ 20, 79, 80; Pls.' Br. Opp'n Mot. Summ. J, Ex. 2 Melvin Morris Aff. 10–14, Ex. 4 Aaron Akers Aff. 21, Ex. 8, Ex. 78 Edward P. Bowers Dep., Ex. 19 Jeffrey L. Bostic Dep., Ex. 24 Bostic Dep.; Pls.' Br. Opp'n Mot. Att'y Fees, Ex. 2.) *See also, e.g.*, *Brittain v. Cinnoca*, 111 N.C. App. 656, 662, 433 S.E.2d 244, 247 (1993) (finding "plaintiffs advanced their claim in good faith for an extension or modification of the existing law" even though claim found barred by applicable statute of limitations).

32. As a result, even though Plaintiffs' claims against Bostic were ultimately unsuccessful, the Court concludes that Plaintiffs had a reasonable belief that their claims for constructive fraud against Bostic could be sustained upon application of

---

[4] For example, Morris testified that BCI "stopped entering into new project contracts in the normal course of business, failed to meet its ongoing obligations to pay its creditors in full, including but not limited to the subcontractors who were supplying labor and materials to the projects, and failed to pay off its past due debt during the period of time between January 1, 2004 and June 1, 2004 . . . ." ( Pls.' Br. Opp'n Mot. Summ. J, Ex. 2 Melvin Morris Aff. 13.) A former BCI employee, Aaron Aker ("Aker"), testified to similar effect. (Pls.' Br. Opp'n Mot. Summ. J, Ex. 4 Aaron Akers Aff. 21.)

*Keener* and *Whitley* to the facts at issue and that *Oberlin*'s requirement of active participation "did not foreclose any reasonable expectation of an affirmative recovery" on the record before the Court. *Sunamerica*, 328 N.C. at 259, 400 S.E.2d at 429.

33.   As such, the Court concludes, in the exercise of its discretion, that the filing of the Companion Cases was not a "frivolous[] attempt[] to create a controversy," *Sunamerica*, 328 N.C. at 259, 400 S.E.2d at 429, and instead that each Companion Case raised justiciable issues.  As a result, the Court concludes, in the exercise of its discretion, that Bostic's Motions for Attorneys' Fees under section 6-21.5 should be denied.

B.  N.C. Gen. Stat. § 75-16.1

34.   Unlike American Mechanical and Yates, Phillips and Jordan asserted a claim against Bostic for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 (the "UDTP Claim"), which was subsequently dismissed by Judge Murphy on June 1, 2012 on statute of limitations grounds. *Phillips and Jordan*, 2012 NCBC LEXIS 36, at *30–33.  Bostic now seeks attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1, alleging that Phillips and Jordan knew that its claim was frivolous and malicious because the claim was filed after the expiration of the applicable statute of limitations.  (Phillips and Jordan Br. Supp. Mot. Att'y Fees 9–10.)

35.   Upon a finding that "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious[,]" the court may "in [its] discretion, allow a reasonable attorney fee" in a suit alleging that defendant

violated N.C. Gen. Stat. § 75-1.1. N.C. Gen. Stat. § 75-16.1. "A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [the claim]. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." *McKinnon v. CV Indus.*, 228 N.C. App. 190, 199, 745 S.E.2d 343, 350 (2013) (quoting *Blyth v. McCrary*, 184 N.C. App. 654, 663 n.5, 646 S.E.2d 813, 819 n.5 (2007)).

36.     Phillips and Jordan initially filed suit in Graham County Superior Court on January 18, 2008 (the "Original Action"), alleging, among other things, a claim against Bostic for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. Phillips and Jordan voluntarily dismissed the Original Action without prejudice on November 1, 2010. *Phillips and Jordan*, 2012 NCBC LEXIS 36, at *2; Compl. ¶¶31–42, *Phillips and Jordan, Inc. v. Bostic*, No. 08 CVS 7 (N.C. Super. Ct. Jan. 18, 2008); N.C. R. Civ. P. 41(a)(1)(i). Phillips and Jordan then filed the current action on April 1, 2011, within one year of the voluntary dismissal.

37.     On May 25, 2011, Bostic filed a Motion to Dismiss stating the following:

> Plaintiff's claim under Chapter 75 is premised entirely on the alleged breaches of fiduciary duty, and the alleged aiding and abetting of such breaches, by "Defendants." Because Plaintiff's claim under Chapter 75 springs from the same allegations supporting Plaintiff's other claims, it must be dismissed too.

(Def.'s Br. Supp. Mot. Dismiss 18.) Bostic did not raise the statute of limitations as a defense in support of his motion, suggesting Bostic did not readily identify the statute of limitations as a basis for dismissal at that time.

38. Instead, the statute of limitations was raised by another defendant, Defendant Michael Hartnett, in Hartnett's motion to dismiss, contending that Phillips and Jordan's UDTP claim against all Defendants in the Phillips and Jordan Action accrued on December 6, 2005 and that the applicable four-year statute of limitations therefore expired before Phillips and Jordan filed its complaint on April 1, 2011. (Hartnett Br. Supp. Mot. Dismiss 16.) Judge Murphy agreed and dismissed the Chapter 75 claim. *Phillips and Jordan*, 2012 NCBC LEXIS 36, at *32–33.

39. Nevertheless, because Phillips and Jordan filed its Original Action on January 18, 2008—within four years of December 6, 2005—and this action was filed within one year of the voluntary dismissal pursuant to North Carolina Rule of Civil Procedure 41(a)(1)(i), the Court concludes that Phillips and Jordan had a reasonable, good faith belief that its Chapter 75 claim was timely. Consequently, the Court cannot conclude that Phillips and Jordan knew or should have known that the UDTP claim was frivolous and malicious. As a result, the Court concludes, in the exercise of its discretion, that Bostic's motion for attorneys' fees under N.C. Gen. Stat. §75-16.1 should be denied.

C.    N.C. Gen. Stat. § 6-20

40. Costs may be awarded under N.C. Gen. Stat. § 6-20, subject to the limitations on assessable or recoverable costs set forth in N.C. Gen. Stat. § 7A-305, if not otherwise provided by the North Carolina General Statutes. "The expenses enumerated in § 7A-305(d) constitute a 'complete and exhaustive' list [of assessable

or recoverable costs under N.C. Gen. Stat. § 6-20]." *McKinnon*, 228 N.C. App. at 202, 745 S.E.2d at 352 (quoting N.C. Gen. Stat. § 7A-305(d)).

41. The Court of Appeals has concluded that "[i]f a cost is set forth in N.C. Gen. Stat. § 7A-305(d), the trial court *is required to assess the item as costs.*" *Khomyak v. Meek*, 214 N.C. App. 54, 67, 715 S.E.2d 218, 226 (2011) (quoting *Springs v. City of Charlotte*, 209 N.C. App. 271, 283, 704 S.E.2d 319, 328 (2011)) (internal quotation marks omitted); *see also McKee v. James*, 2015 NCBC LEXIS 78, *3–13 (N.C. Super. Ct. Aug. 6, 2015) (discussing section 7A-305(d)); *AmeriGas Propane, L.P. v. Coffey*, 2016 NCBC LEXIS 17, at *9–10 (N.C. Super. Ct. Feb. 17, 2016).

42. Section 7A-305(d) allows a party to recover its costs for, among other things, "[r]easonable and necessary expenses for stenographic and videographic assistance directly related to the taking of depositions and for the cost of deposition transcripts," and "[f]ees of . . . mediators agreed upon by the parties[.]" N.C. Gen. Stat. §§ 7A-305(d)(10), (d)(7).

43. Bostic seeks to recover costs from each Plaintiff as follows: (i) American Mechanical: $1,962.94 for costs associated with stenographic and videographic assistance for depositions and transcripts and $146.25 for reimbursement of the mediator's fee (Def.'s Br. Supp. Mot. Att'y Fees 12); (ii) Phillips and Jordan: $2,383.69 for costs associated with stenographic and videographic assistance for depositions and transcripts and $146.25 for reimbursement of the mediator's fee (Def.'s Br. Supp. Mot. Att'y Fees 15); and (iii) Yates: $2,404.94 for costs associated

with stenographic and videographic assistance for depositions and transcripts and $146.25 for reimbursement of the mediator's fee (Def.'s Br. Supp. Mot. Att'y Fees 13.)

44. Plaintiffs have not objected to Bostic's request for an award of his recoverable costs. (Pls.' Br. Opp. Mot. Att'y Fees.)

45. Based on the Court's careful review of the evidence of record, the Court concludes, in the exercise of its discretion, that each of the costs sought by Bostic falls within the enumerated subsections of section 7A-305(d). Accordingly, the Court concludes, in the exercise of its discretion, that Bostic is entitled to recover the costs he has requested from each Plaintiff under the authority provided in N.C. Gen. Stat. §§ 6-20 and 7A-305(d).

IV.

CONCLUSION

46. For the foregoing reasons, the Court hereby **ORDERS** as follows:

a. Bostic's Motions for Attorneys' Fees under N.C. Gen. Stat. § 6-21.5 in each of the Companion Cases are **DENIED**;

b. Bostic's Motion for Attorneys' Fees under N.C. Gen. Stat. § 75-16.1 in the Phillips and Jordan Action is **DENIED**;

c. Bostic's Motions for Costs are **GRANTED** as follows:

i. American Mechanical shall pay Bostic costs in the total amount of $2,109.19;

ii. Phillips and Jordan shall pay Bostic costs in the total amount of $2,529.94;

iii. Yates shall pay Bostic costs in the total amount of $2,551.19; and

iv. Each Plaintiff shall pay Bostic the costs awarded in this Order within 30 days of the entry of this Order.

**SO ORDERED**, this the 9th day of December, 2016.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases